Howard A. Levine, J.
This is an application pursuant to section 460 of the Family Court Act for an order directing judgment for the amount of arrears accumulated under an order of support originally granted by the Schenectady County Children’s Court in 1955, and continued until 1965. At that time the order was terminated because both the parties no longer resided in Schenectady County and the arrears were ordered ‘ ‘ held in abeyance. ’ ’
Respondent has submitted a written answer interposing the following as complete defenses to the application: (1) that petitioner’s application is barred by reason of the six-year Statute of Limitations contained in CPLR 213; (2) that petitioner is not entitled to the relief sought by reason of laches; (3) that the court lacks jurisdiction to grant judgment because section 460 was enacted subsequent to the termination of the support order herein, and should not be applied retroactively as to arrears accumulated before its enactment and effective date.
Respondent has made an oral motion to dismiss the application on the same grounds. For purposes of a determination of the motion, the following allegations contained in the application and in other papers submitted must be accepted as true :
By Children’s Court order dated October 5, 1955, respondent was directed to pay to petitioner the sum of $15 a week for her support and that of the infant son of the marriage. The order was not complied with by the respondent and by October 8,1965, arrears amounted to $6,685. At that time, both the petitioner and respondent had moved to other communities outside the County of Schenectady. Accordingly, the Family Court terminated the support order, holding the arrears in abeyance. Petitioner subsequently enforced support payments against the respondent through a proceeding under the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A) which were recently terminated when their son attained the age of 18.
Respondent’s contention that the application is barred by the six-year period of limitation contained in CPLR 213 is without merit. The general application of the Statute of Limitations under article 2 of the CPLR is contained in CPLR 201 which provides in pertinent part that ‘1 an action * * * must he com *1043 menced within the time specified in this article unless a different time is prescribed by law or a shorter time is prescribed by written agreement.”
The clear import of CPLR 201 as well as all of the succeeding sections of CPLR article 2 is that before the Statute of Limitations may be invoked at least two events must take place: (1) a legally cognizable claim for relief, or “cause of action ”, in favor of the plaintiff must have accrued; and (2) plaintiff must have failed to commence an action for a judicial determination of that claim within the appropriate period provided in article 2, starting from the time the claim accrued.
Under the foregoing requirements, the Statute of Limitations has no applicability to petitioner’s present request for judgment. The “action” in which petitioner’s rights and respondent’s obligations were judicially determined was “commenced” in 1955 when she brought the proceeding in Children’s Court. The “ action ” was to enforce her right to support created by statute under the Children’s Court Act. The remedy for the enforcement of this right, as thus judicially determined, was exclusively provided under the Children’s Court Act and later, under the Family Court Act. She had no independent civil cause of action for the enforcement of such right. (See Reisman v. Reisman, 46 N. Y. S. 2d 335 and Kahn v. Sampson, 23 A D 2d 539.) It is true that the petitioner could have sued respondent on a common-law cause of action for necessaries expended by her to support herself and the child of the marriage. If that was the nature of her present claim it would indeed be barred by the Statute of Limitations. However, she elected instead to enforce separate and distinct statutory rights under the Children’s Court Act and Family Court Act. She is not now commencing a new action for the determination of such rights.
Moreover, even if petitioner’s application for judgment was deemed the commencement of a new action, her claim for such relief did not accrue until the Legislature created it in 1968 by the enactment of section 460 of the Family Court Act. Thus she has “ commenced ” the “ action ’’well within the six-year period of limitations provided in CPLR 213.
Nor has respondent set forth such facts that would estop petitioner under the doctrine of laches. It is textbook law that the doctrine of laches requires more than the mere lapse of time in failing to assert one’s legal rights. There must also be established circumstances showing that respondent was prejudiced by that failure. (See 2 Carmody-Wait 2d, New York Practice, p. 311; and Marcus v. Village of Mamaroneck, 283 N. Y. 325, 332.) *1044 No such facts were set forth in respondent’s answer or claimed in connection with his motion to dismiss the application.
Finally, I have also concluded that respondent’s defense based upon jurisdictional grounds is also insufficient as a matter of law. Although the Family Court order of October 8, 1965, terminated respondent’s obligation under the original order of support by reason of the change of residence of the parties, the court expressly held the arrears in abeyance. Webster’s Third International Dictionary (1966) defines “ abeyance ” as “ temporary inactivity or suppression; cessation or suspension.” (emphasis added). The only fair interpretation of the phrase as used by the court is that jurisdiction was reserved and continued for the purpose of future disposition of the liquidated obligation to pay arrears as the later circumstances of the parties might require. This is obviously what the court intended to do, and what it had the right to do under section 451 of the Family Court Act, which provides that the court has continuing jurisdiction over any support proceeding “ until its judgment is completely satisfied ”.
The intent of the court not to terminate all proceedings was manifested at least as clearly as it was in Matter of Frances B. v. Robert B. (66 Misc 2d 227). There the petitioner similarly sought judgment for arrears under a prior support order which had been previously terminated “ without prejudice ”, also by reason of the nonresidence of the parties. The court held that it was intended thereby to preserve the petitioner’s rights as to such arrears and must therefore have also been intended to retain jurisdiction for the purpose of her future assertion of such rights.
The final disposition of the arrears thus continued here as a matter pending before this court, and the proceeding stayed alive for this purpose. As such it became subject to the provisions of section 460 by the express direction of the Legislature. Chapter 927 of the Laws of 1968, in adding section 460 to the Family Court Act, states that it “ shall take effect immediately and shall apply to all pending proceedings.”
Such “ retroactive ” application is consistent with general rules of statutory construction, affording such effect to 11 procedural ” or “remedial” legislation. The distinction may at times be blurred between such legislation, merely changing the form of remedy or providing a new remedy for an existing right and a substantive statute creating new rights or interfering with antecedent rights; but not as to the enactment under consideration here. Petitioner’s rights and respondent’s obli *1045 gations were clearly established and determined in 1955 when the Children’s Court held that she and their child were lawful dependents of respondent, and fixed the extent of his obligation of support at $15 a week. Section 460 merely added an additional remedy, by way of judgment, for the enforcement of these rights and obligations. It neither created a new substantive right of support nor changed the nature of respondent’s obligation. Therefore it should be given retroactive effect. (See Krull v. Bennett Homes & Lbr. Co., 258 App. Div. 10; and Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443.)
Accordingly, respondent’s motion to dismiss the application is denied. Since section 460 provides for an order directing judgment for such arrears 11 or for such part thereof, as justice requires having a regard to the circumstances of the respective parties ”, a hearing should be held to determine the extent of the arrears for which judgment should be granted. The parties are therefore directed to appear before the court on July 31,1972 at 9:00 a.m. to set a date for such hearing.