CONSTANCE J. GREEN, Respondent, v MELVIN T. GREEN, Appellant.

Third Department, December 30, 1975

*Kaiser, Murray & Traficanti (Douglas Jesse Hunt* of counsel), for appellant.

*Daniel H. Mahoney* for respondent.

REYNOLDS, J. On April 10, 1973, in a proceeding to collect other arrearages, the Supreme Court, Albany County, ordered

"that all further matters of support and custody be transferred to the Family Court of the County of Ulster for disposition in conformity with section 466 of the Family Court Act." It is urged that this order made pursuant to subdivision (a) of section 466 of the Family Court Act precluded jurisdiction in the instant action in the Supreme Court. We cannot agree. Constitutionally the jurisdiction of the Supreme Court is concurrent with that of the Family Court *(Kagen v Kagen,* 21 NY2d 532; *Matter of Seitz v Drogheo,* 21 NY2d 181), and the Legislature cannot, of course, limit or qualify such jurisdiction (e.g., *Matter of Malloy,* 278 NY 429). Moreover, even though the Legislature may permissibly grant concurrent jurisdiction to another court, it cannot thereby deprive the Supreme Court of its jurisdiction (e.g., *Barone v Aetna Life Ins. Co.,* 260 NY 410). Furthermore, even though the Supreme Court could constitutionally transfer an action to another court with concurrent jurisdiction (NY Const, art VI, § 19, subd a), it may not divest itself of jurisdiction and grant exclusive jurisdiction in the Family Court in violation of the State Constitution. Accordingly, the requisite jurisdiction was present, and, since we find no merit in appellant's additional contentions, the order and judgment should be affirmed,

The order and judgment should be affirmed, with costs.

HERLIHY, P. J., KANE, KOREMAN and MAIN, JJ., concur.

Order and judgment affirmed, with costs.