*289 OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
Petitioner, by order to show cause, has moved this court, pursuant to section 460 of the Family Court Act, for an order directing the entry of a money judgment against respondent in the sum of $4,000. In support of this application, she shows that a final order of this court, a copy of which is annexed to the moving papers, was entered on January 29, 1976, directing respondent to pay $100 per month for the support of his two sons. She then alleges that respondent has failed to comply with said order and has thus accumulated arrears in the amount of the judgment sought herein.
On the return date of the instant motion, petitioner appeared with counsel and submitted an affidavit as proof that personal service of the order to show cause with supporting papers had been effected upon respondent at his residence in Dade County, Florida, on May 14, 1979.[1] Respondent, however, did not appear and has yet to do so in this matter.
On the same date, having noted that petitioner is currently a resident of Nassau County, the court, on its own motion, raised two preliminary issues, both of a procedural nature. In colloquy with petitioner’s counsel, these issues were reduced to four questions,[2] which form the points of law considered in this decision. They are as follows:
1) where does the proper venue for the instant application lie — in Richmond County, Nassau County or in both counties;
2) if venue lies in both counties, or in Nassau County only, may the court transfer these proceedings to Nassau County on its own motion;
3) if venue lies in both counties and it is determined that this court may, on its own motion, transfer these proceedings, should the court exercise its discretion and effect such a transfer; and
4) notwithstanding the resolution of the venue issue, is the instant order to show cause defective for failing to include on its face the warning prescribed by the notice requirements of *290 subdivision (b) of section 453 of the Family Court Act, which deals with applications for enforcement of support orders.
In order to answer the first of the foregoing questions, the court must construe and interpret section 171 of the Family Court Act, which states: "A lawful order of the family court in any county may be enforced or modified in that county or in the. family court in any other county in which the party affected by the order resides or is found.” (Italics added.) A reading of this language consistent with its "natural and most obvious sense” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94) places beyond cavil the fact that Richmond County is a proper venue for these proceedings, since the order sought to be enforced herein was entered by the Family Court of this county. Whether or not Nassau County may also serve as a proper venue depends on the meaning ascribed to that portion of section 171 italicized above. In other words, does the phrase, "the party affected by the order”, refer to either party, or to one party only, and, if it be the latter, then to which party does it refer? According to the court’s research, this question and the statutory construction it requires are matters of first impression.
Section 171 appears among the general provisions of article 1 of the Family Court Act. All other venue provisions of the act are contained in articles relating to specific types of proceedings within the jurisdiction of this court. (See Family Ct Act, §§ 421, 521, 613, 717, 818, 1015.) In any proceeding to enforce or modify a Family Court order, venue will thus be controlled by two sections of the Family Court Act, one under that article governing all proceedings of a particular nature, e.g., article 4 — support, article 5 — paternity, etc., and section 171, a statute of general application. Therefore, in interpreting section 171 and particularly the phrase, "the party affected by the order”, the court must adhere to two basic rules of statutory construction. It must construe the Family Court Act as a whole, reading all of its parts together (McKinney’s Cons Laws of NY, Book 1, Statutes, § 97), so that each of its provisions is in harmony with the other. At the same time, effect and meaning must be "given to the entire statute and every part and word thereof.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 98.)
Since it is a support matter, the venue provisions of both sections 171 and 421 of the Family Court Act would be applicable to the case at bar, except that the facts herein do *291 not bring this case within any of the subdivisions of section 421. Petitioner has therefore invoked the provisions of section 171, stating that Richmond County is the only available venue thereunder. She argues that the sole alternative would be the county in which respondent resides or is found, interpreting "the party affected by the order” as meaning respondent only.[3] However, since it is alleged that respondent is no longer within the jurisdiction, this alternative is deemed inappropriate.
The court rejects petitioner’s reading of the statute, which would make sections 171 and 421 superfluous, at least, in part. If, arguendo, respondent were within this jurisdiction, then subdivision (a) of section 421 and the second part of section 171 would result in the same meaning and effect, i.e., respondent’s residence would serve as the basis for the choice of venue. If, however, "the party affected by the order” is read to indicate petitioner only, then sections 171 and 421 of the Family Court Act can be construed together as offering a reasonable pattern of separate and distinct venue alternatives for modification or enforcement proceedings. Furthermore, it ought to be noted that the language of both these sections is strictly permissive, thus supporting the proposition that these provisions are intended to be meaningfully disjunctive, rather than inexplicably repetitive. Thus it is the court’s determination that the phrase, "the party affected by the order”, as *292 contained in section 171 of the Family Court Act, means the petitioner for whose benefit a support order has been entered. Wherefore, the proper venue for the instant matter lies both in Nassau, as well as, Richmond County.
Given the circumstance of venue in both counties, has the court the authority, on its own motion, to transfer these proceedings to Nassau County? The petitioner contends that under CPLR article 5 there can be no change of venue except upon motion of the parties. She would urge the court therefore to construe section 174 of the Family Court Act implicitly to contain the same limitation as is found in the CPLR.[4] The court, however, finds petitioner’s interpretation of this section unacceptable.
Subdivision (a) of section 165 of the Family Court Act states that "where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved.” Here the Family Court Act, in section 174, clearly prescribes the procedure to be applied when matters are to be transferred to another county. Therefore, petitioner’s reliance on the CPLR is misplaced. The court must act upon the authority of section 174 alone.
In construing this section, the court is again bound by the plain, meaning of the statutory language (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94), which nowhere restricts the exercise of judicial power in transferring cases to another county to those instances in which a motion for transfer has been made. Thus, in accordance with another time honored rule of statutory construction (expressio unius est exclusio alterius), "an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 240.) The conclusion is therefore obvious: since section 174 does not expressly include the CPLR limitation, said limitation is excluded. This is further supported by reference to the wording of the last part of section 174, which mandates[5] the court to transfer proceedings when it is found that venue has *293 been laid in the wrong county. Can it then be said that the Legislature, by use of this mandatory language, has placed upon the court an absolute obligation to transfer certain proceedings out of county, while implying that it may only fulfill this obligation upon the request of one or both of the parties? Such would be an absurd result, which must be avoided. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 145.) Wherefore, the court concludes that the above-captioned matter may be transferred to Nassau County Family Court, it having been determined under section 174 of the Family Court Act, that this court has the authority to transfer proceedings to another county on its own motion.
There now remains but one question under the issue of venue, which basically involves considerations of policy. Since it has been found that this case in its present posture can be transferred, it need only be asked whether there exists good cause for such action.
The Family Court was established as a "special agency for the care and protection of the young and the preservation of the family.” (Committee Comments, Joint Legislative Committee on Court Reorganization, Report II, the Family Court Act, p 2.) It was meant to be the one judicial forum in which almost all problems of the family could be heard and hopefully settled. (People v Keller, 37 Misc 2d 122.) As such, it is a court that must be close to the people it serves, not only because of the investigatory work so often required to support its decisions, but also because of the continuing jurisdiction it exercises to enforce or modify so many of its orders.[6] Moreover, a Family Court must recognize that due to the nature of the human problems it encounters daily, even though it may enter an order in a proceeding under one of the discreetly categorized articles of the Family Court Act, it is in reality touching a family in one aspect which intimately affects all other aspects of its life. Therefore, it is imperative that the judicial forum exercising Family Court jurisdiction in a particular case be that court which not only has the most significant contacts with the subject family at the time of litigation, but also represents that forum with the greatest likelihood to *294 maintain those contacts. Wherefore, the court finds that Nassau County, where petitioner presently resides, is the more appropriate forum for determining the instant application under section 460 of the Family Court Act. The Family Court of that county possesses a greater and more lasting interest in the subject family, rendering it better able to deliver both immediate and continuing services.
Finally, it must be decided whether the order to show cause now before the court is defective for failing to include on its face the warning required by subdivision (b) of section 453 of the Family Court Act. That section reads in pertinent part: "Upon the filing of a petition under this part, the court may cause a copy of the petition and a summons to be issued, requiring the respondent to show cause why he should not be dealt with in accordance with section four hundred fifty-four of this part. The summons shall include on its face, printed or typewritten in a size equal to at least eight point bold type, a notice, warning the respondent that a failure to appear in court may result in immediate arrest, and that, after an appearance in court, a finding that the respondent willfully failed to obey the order may result in commitment to jail for a term not to exceed six months, for contempt of court. The notice shall also advise the respondent of the right to counsel, and the right to assigned counsel, if indigent.” Since the above language clearly states that section 453 only refers to enforcement measures authorized by section 454 of the Family Court Act, its prescriptions are irrelevant to the matter within, which seeks relief under section 460.[7] Wherefore, even though the warning under subdivision (b) of section 453 does not appear on the face of petitioner’s papers, they remain jurisdictionally sufficient for their intended purpose.[8]
Accordingly, it is ordered
*295 1) that the instant proceedings be transferred forthwith to the Family Court of Nassau County; and
2) that the clerk of this court transfer the case file and all other records pertinent to this matter to the clerk of the Family Court of Nassau County; and, finally
3) that the probation service of this court transfer copies of all materials in its files concerning the subject family to the Office of Probation which services the Nassau County Family Court.

. This court obtained in personam jurisdiction over respondent (CPLR 302, subd [b]> see, also, Gersten v Gersten, 61 AD2d 745; Matter of Arlene W. v Robert W., 70 Misc 2d 1041; Matter of Frances B. v Robert B., 66 Misc 2d 227).

. Petitioner’s attorney submitted a memorandum of law on these issues, which was both well researched and well written. The court was impressed by his papers and by counsel’s other efforts in capably representing his client.

. Petitioner admits that there are no cases in support of this proposition. She merely cites the following passage from the Practice Commentaries: "In light of this section’s purpose and the other venue provisions of the Act, particularly those of Article 4 (Section 421, infra), the phrase 'party affected by the order’ should be read to mean the party subject to the order or against whom the order has been made, usually the respondent.” (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 171, p 113.) It should be noted, however, that the author of the commentaries is himself uncertain about this conclusion as indicated by his contradictory remarks following section 421. There he suggests, that if petitioner seeks to originate a proceeding to compel support from an out-of-State respondent and if none of the provisions of section 421 apply, then the venue provisions of CPLR 503 (subd [a]) could be invoked, per section 165 of the Family Court Act, to "allow venue in the county in which the petitioner resides”. (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 421, Cumulative Annual Pocket Part 1978-1979, p 77.) Then he states: "Family Court Act § 171 (1975), allowing a lawful order of the Family Court to be enforced or modified in that county or in any other county 'in which the party affected by the order resides or is found,’ may be additional support for such an approach.” Ibid.) It is clear that the author is here analyzing the relevant statutes, including section 171, to permit petitioner to lay venue for an article 4 proceeding in the county of his residence. In doing so, he must and does interpret "party affected by the order” to mean the petitioner.

. In light of this decision, the court does not reach the issue of whether such a limitation is contained in CPLR article 5. (But see Phillips v Tietjen, 108 App Div 9.)

. “The family court * * * shall transfer a proceeding laying venue in a wrong county” (Family Ct Act, § 174; emphasis added). The use of “shall” renders this a mandatory provision. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 171.)

. The court is aware that this argument concerning continuing jurisdiction to modify orders is not relevant herein since an order under section 460 of the Family Court Act is nonmodifiable. (Family Ct Act, § 460, subd 3.) It is merely included to render its decision complete. The other reasons given for requiring a Family Court’s proximity to at least some of the parties before it are certainly appropriate.

. It is arguable that if a respondent were ordered, pursuant to section 460, to show cause why a money judgment should not be entered against him for arrears accrued under a Family Court support order, then such a respondent would be before the court for failure to obey one of its lawful orders. Therefore, it is conceivable that even though petitioner seeks a money judgment only, the court would still have available to it the other enforcement penalties under section 454. And yet, where petitioner seeks relief under section 460 only and does not even include the usual request "for such other and further relief as to the court may seem just and proper” (as is the case here), the court finds that it would be an impermissible abuse of discretion to grant any relief beyond that requested.

. It should be pointed out that just as the first question discussed above, supra, pp 289-292, was a matter of first impression, so also was that of the court’s transfer of these proceedings, sua sponte, supra, pp 292-293, as well as this final question.