opinion of the court
William W. Serra, J.
This is a proceeding brought to modify the terms of a judgment of divorce. The divorce was granted to the respondent in this proceeding as plaintiff in the divorce action. Pursuant to the judgment of divorce entered in Allegany County, upon an approved stipulation, it is provided, inter alia, that the petitioner herein should pay to the respondent the sum of $50 per week for separate maintenance commencing the week of October 26, 1981, with adjustments related to employment, disability or other special circumstances not involved in this proceeding.
*54 The amended petition herein based upon two causes setting forth allegations that the respondent at the time of the divorce and since has been residing with another man which, it is claimed, was a fraud upon the divorce court and makes current support by the petitioner improper. It seeks to terminate the support. Respondent, residing in Monroe County, which is not an adjoining county to Allegany County where petitioner resides, moved for a change of venue on the basis of section 421 of the Family Court Act. The divorce decree provides “that any matters in the future concerning maintenance may be determined by either the Supreme Court or the Family Court.” No referral provision pursuant to section 251 of the Domestic Relations Law is contained in the decree.
Section 421 deals specifically with proceedings to compel support and has no reference to such a proceeding as this. Subdivision (b) of section 422 of the Family Court Act does, however, authorize any party to a divorce to originate a proceeding to modify a Supreme Court decree in accordance with part 6 of the support article (art 4), thereby bringing section 466 of the Family Court Act into consideration in this proceeding.
The petitioner urges that section 421 of the Family Court Act does not govern since it refers only to an enforcement proceeding in which the petitioner is the party seeking support. Petitioner urges that the venue is to be determined under section 171, a part of the general jurisdiction articles, citing Matter of Fusco v Roth (100 Misc 2d 288). Matter of Fusco, however, deals with a totally different set of circumstances. There already existed a Family Court order for support in the Richmond County Family Court. Thereafter, the respondent left the State of New York, and the petitioner moved to Nassau County and sought, a money judgment under section 460 of the Family Court Act. The court appropriately stated (pp 290-291) “Since it is a support matter, the venue provisions of both sections 171 and 421 of the Family Court Act would be applicable to the case at bar, except that the facts herein do not bring this case within any of the subdivisions of section 421.” The court then found venue under section 171 would lie in both Rockland and in Nassau Counties and transferred the case *55 to Nassau County, the county having the most significant contacts with the parties at the time and the county most likely to maintain these contacts.
Since section 171 of the Family Court Act deals only with the enforcement or modification of lawful orders of the Family Court, it is inappropriate to this case.
If section 466 applies, then, by virtue of the venue provisions of section 469, venue must be in accordance with section 421 which restricts the origination of proceedings to the county of residence of the respondent, as only subdivision (a) of section 421 of the Family Court Act is applicable to the circumstances of the case. Venue, therefore, would be in Monroe County and would require a transfer under section 174 of the Family Court Act to that county.
The amended petition herein alleges that the respondent was the defendant in a divorce action containing support provisions and:
“5. That the petitioner, Harold E. Dillon, alleges that the respondent, Leah J. Dillon, has in fact perpetrated a fraud upon the Court, and the petitioner herein, by alleging that she was residing alone and had informed your petitioner’s attorney, through her attorney, that she was in dire financial circumstances and residing alone.
“6. That your petitioner herein has since learned that the respondent was at the time she made the representations through her attorney to your petitioner’s attorney, that such representations were untrue and false since she was in fact residing with another individual in the Rochester area, and had your deponent known that the respondent was in fact residing with another individual during that period, he would not have made any offer of support to your respondent in any way whatever.”
As and for a second cause of action, he alleges in part: “8. That your petitioner alleges that the respondent herein, Leah J. Dillon, has in fact since the divorce been residing openly and notoriously with another individual Richard Chandler and that she, by virtue of such arrangement, is no longer eligible for support based upon the cases and rules handed down on behalf of the State of New York.”
*56 The language of the divorce decree providing that matters in the future concerning maintenance may be determined by either the Supreme Court or the Family Court, standing alone and without containing a referral and without compliance with section 251 of the Domestic Relations Law, is clearly not a referral. It is an acknowledgement of concurrency of jurisdiction as to future modifications in both courts negating any implications of referral of jurisdiction or reservations of jurisdiction under subdivision (a) or (b) of section 466 of the Family Court Act. It therefore invokes clearly the authority of subdivision (c) of section 466 of the Family Court Act.
Subdivision (c) of section 466 of the Family Court Act deals with modifications by the Family Court where, as here, a divorce order or decree grants support and does not refer or reserve authority. It authorizes the Family Court to enforce the order or decree or to entertain an application to modify the order or decree granting maintenance on the grounds that there has been a subsequent change of circumstances and that modification is required.
What the petitioner seeks here in the first cause of action is a review of the determination of the Supreme Court decision on the grounds it was fraudulently obtained. Such a determination belongs solely to the court in which the divorce was obtained on appropriate application to correct its decision. The second cause of action relates solely to continuance of the fact condition alleged to have existed at the time of the divorce in the first cause of action. This court cannot presume that the Supreme Court erred in its fact determination or cannot adjudicate that such was the fact. It does not, in any case, constitute a subsequent change of circumstances requiring modification, the sine qua non of its jurisdiction under subdivision (c) of section 466 of the Family Court Act.
By reason of the foregoing, the court finds that the petition has béen instituted in the wrong venue of the Family Court. Although errors of venue are correctable under section 174 of the Family Court Act, the court further finds that it is totally without jurisdiction to act on the allegations of the petition under article 4 of the Family Court Act. The petition will be dismissed.
*57 Since the Supreme Court has continuing jurisdiction in the divorce to correct or enforce its own judgments and decrees, this decision is without prejudice to the rights of the petitioner to seek relief in the Supreme Court. (See Matter of Seitz v Drogheo, 21 NY2d 181; Green v Green, 50 AD2d 235.)