OPINION OF THE COURT
Kevin C. Fogarty, J.
May the Commissioner of Social Services (CSS) use the Internal Revenue Service (IRS) tax refund offset to satisfy its claims for arrears where the arrears have been “held in abeyance” by a Family Court order?
This case involves the Federal-State intercept program authorized by the Omnibus Budget Reconciliation Act of 1981 (§§ 2331, 2332, 95 US Stat 860-863,[2] Pub L No. 97-35) as implemented in New York by chapters 545 and 546 of *918 the Laws of 1982,[3] which authorizes collection of past due support in Aid to Families with Dependent Children (AFDC) cases making both State and city income tax refunds subject to an offset process similar to the IRS offset process.
On November 20, 1976, the respondent herein was directed to pay $50 per week plus $5 per week on arrears of $925 to the CSS for two children who were receiving public assistance and were in the custody of his wife pursuant to a divorce decree. In April, 1980, the children came to live with the respondent and on July 25, 1980 the divorce decree was modified in Supreme Court, Suffolk County, to award the respondent custody.
On July 6, 1981, the order of support was temporarily suspended and on August 18, 1981, the CSS sought enforcement of the arrears that had accumulated under the order of support.
At a hearing held on September 22,1981, Judge Levine found that the respondent’s net weekly income of $238 was insufficient to meet his current expenses and that therefore no order of support would issue. Judge Levine also ordered that the arrears of $8,075 be “held in abeyance” and that “DSS reschedule when indicated.”
Respondent states that he has been notified by CSS that past due child support would be taken from his Federal income tax refund and that as a consequence his tax refunds for both 1981 and 1982 have been withheld by IRS and forwarded to CSS. The respondent seeks to vacate arrears and to have the moneys taken from his Federal/ State refund returned.
It is the position of CSS that the Family Court has no authority to hold arrears in abeyance. That as a creature of statute the Family Court’s jurisdiction is limited to what is contained in its grant of authority, the Family Court Act, and that nowhere in article 4 of the Family Court Act is the term abeyance used or defined.
*919 Finally, the CSS argues that holding arrears in abeyance does not enjoin or stay CSS from seeking to collect the arrears through, inter alia, an IRS intercept and that the Family Court lacks jurisdiction to order the return of funds intercepted by the IRS while the arrears are in abeyance and that respondent’s only remedy is to seek cancellation or reduction of the arrears pursuant to the Family Court Act.
It is the respondent’s contention that CSS is bound by the order of Judge Levine, no appeal having been taken from said order, and that he has been prejudiced by the action of the CSS in that while he supports his two children, he claims no deduction for them under withholding so that the tax refund constitutes a forced saving which is used for the children’s summer vacation.
Matter of Arlene W. v Robert W. (70 Misc 2d 1041, 1044-1045) held that in defining abeyance “what the court intended to do, and [indeed] * * * had the right to do under section 451 of the Family Court Act, [was to provide] that the court has continuing jurisdiction over any support proceeding ‘until its judgment is completely satisfied’ * * * a hearing should be held to determine the extent of the arrears for which judgment should be granted.”
In Matter of Mogul v Parrinello (70 AD2d 914), the Second Department reversed the Family Court’s refusal to reduce child support payments holding “to the extent that appellant’s present support obligation is suspended, the payment of arrears is held in abeyance, and the matter is remitted * * * for a new hearing” (emphasis added). Additionally, the very offset procedures which the commissioner uses here for his own benefit have a computer code number “04” to designate arrears held in abeyance.
The problem arises here because the New’ York City Bureau of Child Support requested of the State that their “04” ledgers be submitted for offset because their “04” code included arrears that were not held in abeyance. Permission was granted for the inclusion of New York City “04” ledgers based upon their explanation that New York City’s “04” ledger included other than “held in abeyance” so that the delinquencies would qualify for inclusion.[4]
*920 The commissioner has made no showing of “their explanation” that would justify New York City exemption from State policy and procedure which is the determining factor under both Federal and State offset procedures. While CSS may transmit to IRS for offset arrears due and owing and IRS does not require that they be set by court order (45 CFR 303.72 (a); 48 Fed Reg 2536), IRS does require that such delinquency offsets be in compliance with New York State law and subdivision (8) of section 171-c of the New York Tax Law defines “past due support” as “a delinquency determined from a final court order” and the regulations issued pursuant to subdivision (10) of section 171-c of the Tax Law and subdivision 7 of section 111-b of the Social Services Law prohibit submission of “arrears in abeyance” for offset.
There is no showing here of “reasonable efforts to collect the amount of the obligation” as required by Federal regulations. CSS has done nothing since the 1981 order of the Family Court to restore the matter to the calendar for a further hearing and so to allow unilateral enforcement without a hearing violates the clearly stated policy of Federal and State law and the letter of the court order. It is self-evident that when an order has been entered by a court and the parties thereto have taken no step to appeal, that order is binding upon the parties and may not be disregarded by either side.
Commissioner of Social Services shall therefore refund to the petitioner-respondent all moneys received by them from Federal and State taxing authorities.

. In the implementation of the IRS offset program the final rules of the United States Office of Child Support Enforcement governing 45 CFR 303.72 (e) reported in the Federal Register (48 Fed Reg 2536), January 20, 1983: “Because IV-D statute and regulations do not specify how States must treat court orders containing payment schedules of arrearages or delayed payment dates, the State may use the total arrearage amount to determine the liability against which the IRS will offset, if permitted by State law, or take into consideration the court-ordered payment schedule. We encourage States to recognize good faith efforts to pay on past-due support and to use discretion in referring such cases for offset *** The IRS offset process should not be treated as a collection method of first resort. Rather, it is a method for collecting arrearages in cases in which other enforcement techniques have not resulted in collection of full amounts owed.” (Emphasis supplied.)

. In implementation of chapter 545 of the Laws of 1982, the New York State Department of Social Services established certain State tax offset procedures which declare that a case eligible for offset: “can only be for the delinquent amount on the court ordered obligation for current support and/or arrears, but not for the arrears-set-at-balance (owed but not due).” (Oct. 12, 1982 A [1][b] State tax offset procedure.)

. General Counsel to the New York State Department of Social Services on October 7, 1983 advised Family Court of Rensselaer County that: “Support cases which have *920 been ordered ‘closed’ by the Family Court will be carried by the Support Collection Unit (SCU) as cases where arrears/delinquency are being held in abeyance (Code ‘04’) if there remains any arrearage on previously court-ordered payments. Action to enforce these remaining arrears/delinquency, whether by IRS offset or otherwise, will be taken only following a later hearing at which the Court will determine the propriety of such action” (emphasis supplied).