OPINION OF THE COURT
Sidney Leviss, J.
This is a CPLR article 78 proceeding brought to prohibit the Honorable Edith Miller, the Administrative Judge of the Family Court of the State of New York in the City of New York, from establishing the city-wide Foster Care Term, Part 3.
The New York City Commissioner of Social Services, whose office is in New York County, receives the custody of destitute and dependent children, either through voluntary placements (see Social Services Law, § 384-a) or through Family Court order (see Family Ct Act, § 1055). The commissioner contracts with private agencies, such as the petitioner, for the care of these children, and the private agencies are responsible for placing the children in foster homes or elsewhere. The commissioner remains the lawful custodian of the children despite the placements.
*926 The petitioner is a not-for-profit corporation which has its principal office at 67-35 112th Street, Forest Hills, Queens, New York. The petitioner is authorized to bring proceedings in Family Court to terminate parental rights on grounds specified in subdivision 4 of section 384-b of the Social Services Law. These proceedings free a child for adoption. Subdivision E of article 5 of the contract between the petitioner and the City of New York, which pertains to adoptive planning and services, provides: “If it is necessary to utilize court action as provided in subdivisions B and C, above, the Contractor shall request approval from SSC [Special Services for Children, a division of the Department of Social Services] and, upon receipt thereof, shall institute appropriate court proceedings. The Commissioner shall be named as a party and served with appropriate process.” (Emphasis added.) If the Family Court decides to terminate parental rights in a section 384-b proceeding, an order is made committing guardianship and custody of the child to both the commissioner and the private agency, if one participated, and authorizing either to consent to the child’s adoption.
A contested section 384-b proceeding, which may require the attendance of numerous attorneys and numerous witnesses, can be time consuming. Because there are several other types of Family Court proceedings which have statutory preferences, section 384-b proceedings were subject to frequent interruptions. Attorneys, witnesses, and the court itself, were inconvenienced by frequent adjournments. In January, 1983, a city-wide Trial Part for termination of parental rights was established in New York County to dispose of only contested section 384-b proceedings.
On July 27, 1983, the petitioner brought a section 384-b proceeding in Queens County Family Court, and the parties subsequently appeared before the Honorable Pearl B. Corrado. When the parents stated that they intended to contest the proceeding, the court transferred the case to New York County. The petitioner is involved with several other cases which are subject to transfer to the new citywide Trial Part. The petitioner opposes the transfer of the proceedings on the ground that the Administrative Judge of the Family Court had no legal authority to promulgate a directive requiring a change in venue to New York County.
*927 Section 384-b (subd 3, par [c]) of the Social Services Law provides: “Proceedings under this section shall be originated in the county in which the authorized agency has an office for the regular conduct of business or in which the child or his parent resides at the time of the initiation of the proceeding.” Since the petitioner is an “authorized agency” (see Social Services Law, § 371, subd [10], par [a]) with its office in Queens County, it may properly lay the venue of its section 384-b proceedings in Queens County. But section 174 of the Family Court Act authorizes a change in venue in a proper case. That section provides, in relevant part: “The family court in a county may for good cause transfer a proceeding to a family court in any other county where the proceeding might have been originated”. (See Matter of Young v Morse, 92 AD2d 706.) The transfer may be ordered on the court’s own motion. (Fusco v Roth, 100 Misc 2d 288.)
Thus, the issue presented is whether the section 384-b proceedings brought by petitioner might also have been originated in New York County.
The term “authorized agency” includes within its scope “[a]ny court or any public welfare official of this state authorized by law to place out or to board out children.” (Social Services Law, § 371, subd 10, par [b].) The New York City Commissioner of Social Services is a “public welfare official” with statutory authority to place out or to board out children. (Social Services Law, § 398, subd 6, par [g]); NY City Charter, §§ 601, 603.) It follows that the New York City Commissioner of Social Services is an “authorized agency” within the meaning of the venue provision applicable to proceedings to terminate parental rights. (Social Services Law, § 384-b, subd 3, par [c].) It may also be seen that the proceedings brought by the petitioner “might have been originated” in New York County where the commissioner has his office. When the petitioner brings a section 384-b proceeding, two “authorized agencies” are involved, itself and the commissioner. The petitioner is obligated by contract to name the commissioner as a party to a section 384-b proceeding, and the object of the proceeding is an order awarding custody to both itself and the commissioner and empowering either authorized *928 agency to consent to adoption. This court concludes that the transfer of section 384-b proceedings to New York County is authorized by section 384-b (subd 3, par [c]) of the Social Services Law and section 174 of the Family Court Act.
This article 78 proceeding is without merit even on the assumption that the petitioner could not have initially brought its cases in New York County. The usual rules of venue may often indicate a county which is inappropriate for the convenience of those concerned and for the administration of justice. (See 2 Weinstein-Korn-Miller, NY Civ Prac, par 510.10.) CPLR 510 (subd 3) permits a court to change venue upon consideration of those factors, and venue may be changed to a county excluded by the other rules of venue. The Legislature has thus recognized that mandatory venue provisions should not operate to divest a court of the discretion it needs to promote the efficient administration of justice. The directive of Madame Justice Miller which established the new city-wide Trial Part is a matter well within that discretion, and its exercise should not be disturbed by this proceeding. .
Accordingly, the petition is dismissed.