OPINION OF THE COURT
Dan Lamont, J.
This reciprocal support proceeding before the Family Court *466 upon an enforcement proceeding brought by the Support Collection Unit presents an all to familiar scenario.
BACKGROUND
The petitioner wife and two children (Jillian, born June 9, 1982, and Joseph, born Dec. 11, 1984) reside in the City of New York, Richmond County (Staten Island). On January 13, 1988, the respondent husband and father — then a resident of Schoharie County — appeared before the Schoharie County Family Court and was ordered by the Hearing Examiner to pay $55 per week support for his wife and two children.
The violation petition alleges that the respondent has not made a single support payment since September 1988, and that he has accrued $2,145 in current support delinquencies, plus a $950 balance due on established arrears, for a total due and owing by the respondent of $3,095. The violation petition further alleges that the respondent moved away and left his employment without notifying the Schoharie County Support Collection Unit or the Schoharie County Family Court, and that for a period of approximately 4 to 6 months his whereabouts were unknown.
The Schoharie County Support Collection Unit has reason to believe that the respondent has moved to Old Westbury, Nassau County, New York, where he was served with the violation petition and order to show cause by certified mail, return receipt requested. The receipt for certified mail has been returned showing delivery to the respondent on April 17, 1989. The respondent failed to appear on May 8, 1989 as directed in the order to show cause.
However, the Assistant County Attorney has requested that this Family Court transfer the respondent’s portion of this reciprocal support proceeding to Nassau County, where the respondent now resides (see, Domestic Relations Law art 3-A). The Assistant County Attorney takes the position that any warrant issued by the Schoharie County Family Court will not likely ever be executed in metropolitan New York City or in suburban Nassau County; therefore, the Assistant County Attorney argues that the issuance of a warrant and retention of jurisdiction not only would prove fruitless, but also would be counterproductive to the future enforcement of respondent’s support obligation to his spouse and young children.
ISSUE PRESENTED
Should the respondent in a reciprocal support proceeding by *467 the simple expedient of moving away and not paying court-ordered support and failing to notify the Support Collection Unit or the Family Court of his whereabouts thereby be permitted to unilaterally divest this court of jurisdiction to enforce its own order upon transfer of the respondent’s portion of the proceeding to another county?
By order dated May 8, 1989 and entered May 24, 1989, this court pursuant to article 3-A of the Domestic Relations Law transferred respondent’s portion of this reciprocal support proceeding to the Family Court of Nassau County, but specifically retained jurisdiction of the enforcement proceeding to enforce its own order and issued a warrant for the respondent’s arrest. This written decision issued several months thereafter attempts to articulate and substantiate this court’s reasons and authority for transferring the respondent’s part of this reciprocal support proceeding to Nassau County, yet retaining jurisdiction of the enforcement petition and issuing a warrant for respondent’s arrest.
CONCLUSIONS OF LAW
The following sections of the Family Court Act are found applicable:
"§ 171. Enforcement or modification of orders in other county
"A lawful order of the family court in any county may be enforced or modified in that county or in the family court in any other county in which the party affected by the order resides or is found.”
"§ 171-a. Enforcement or modification of support orders; procedure
"Upon a petition to enforce or modify an order of support made pursuant to article four, five or five-A of this act, or pursuant to article three-A of the domestic relations law, the court shall not require a petitioner to proceed in accordance with the uniform support of dependents proceedings set forth in article three-A of the domestic relations law.”
"§ 174. Transfer of proceedings to another county
"The family court in a county may for good cause transfer a proceeding to a family court in any other county where the proceeding might have been originated and shall transfer a proceeding laying venue in the wrong county to a family court in any county where the proceeding might have been originated.”
*468 An application to transfer is addressed to the discretion of the Family Court Judge (Matter of Young v Morse, 92 AD2d 706 [3d Dept 1983]). Section 171 should be read as providing an additional basis for venue, which is supplemental to that found in the individual articles (see, Matter of Fusco v Roth, 100 Misc 2d 288 [Fam Ct, Richmond County 1979]).
Any records pertaining to respondent’s alleged nonpayment of support and nonnotification of the Schoharie County Support Collection Unit as to changes in employment, address, etc., exist only within the business records of the Schoharie County Support Collection Unit. Therefore, should this court simply transfer the respondent’s portion of this reciprocal support proceeding — as well as the pending enforcement petition — to the Nassau County Family. Court, enforcement through the contempt process including a possible jail sentence would be extremely unlikely.
Accordingly, this court pursuant to Family Court Act § 174 and Domestic Relations Law § 35 (1) and (4) will transfer the respondent’s portion of this reciprocal support proceeding brought pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A) to the Nassau County Family Court; however, this court pursuant to Family Court Act § 171 will and hereby does specifically retain jurisdiction of the enforcement proceeding to enforce its own order, and accordingly will issue a warrant for the respondent’s arrest based upon his failure to appear.