■ In the Matter of RICHARD W. GARNER, Respondent, v KAREN FORSYTHE, Appellant. — Appeal, by permission, from an order of the Family Court of Tompkins County, entered August 22, 1980, which denied respondent's motion to dismiss the petition on the ground of improper venue. In 1978, petitioner, then a resident of Pennsylvania, commenced a proceeding in the Family Court of Tioga County seeking a visitation order with respect to his son, who was residing with respondent in Tioga County. The parties were divorced in 1973 by a Pennsylvania decree and a subsequent order entered in that State awarded custody of the child to respondent and provided for visitation by petitioner. After a visitation order was entered by the Family

Court of Tioga County, petitioner moved to Trumansburg in Tompkins County, and respondent and the child moved to Suffolk County. After several unsuccessful attempts to enforce the visitation order in Tioga County, petitioner moved in the Family Court of Tompkins County for an order of enforcement. Respondent's motion to dismiss due to improper venue was denied and this appeal ensued. Section 171 of the Family Court Act provides: "A lawful order of the family court in any county may be enforced or modified in that county or in the family court in any other county in which the party affected by the order resides or is found." Family Court concluded that petitioner was the party affected by the visitation order and that, therefore, Tompkins County, where he resided, was proper venue. We agree. The ambiguity of the phrase "party affected by the order", in the context of a visitation order, is patent; the statute speaks in terms of the singular, whereas a visitation order obviously affects both parties. In our view, this ambiguity should be resolved in favor of expanding, rather than limiting, the forums available for a noncustodial parent to enforce his or her visitation rights. "Visitation must be carefully protected, not only as a phase of the parent's right to the custody of his child, but also as a phase of the developing body of children's rights" *(Matter of Doe v Doe,* 86 Misc 2d 194, 197). Accordingly, we hold that petitioner, as the party for whose benefit the visitation order has been entered, is "the party affected by the order" within the meaning of the statute *(Matter of Fusco v Roth,* 100 Misc 2d 288). Order affirmed, with costs. Main, J.P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.