■ BEVERLY CHARBONNEAU, Appellant, v CITY OF COHOES et al., Defendants, and STATE BANK OF ALBANY, Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Conway, J.), entered December 7, 1982 in Albany County, which granted a motion by defendant State Bank of Albany to dismiss the complaint for failure to state a cause of action as against it and denied plaintiff's cross motion for summary judgment on the issue of the bank's liability, and (2) from the judgment entered thereon. Order and judgment affirmed, without costs, on the opinion of Justice Edward S. Conway at Special Term. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

■ In the Matter of JANET VANLOAN, Appellant, v DANNY J. DILLENBECK, Respondent. — Appeal, by permission, from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered July 7, 1983, which refused to transfer the proceeding to the Montgomery County Family Court and directed the parties to appear and go forward in the Otsego County Family Court. This proceeding was initiated in the Montgomery County Family Court to modify an order of custody of the Otsego County Family Court. The parties agree that this matter can and should be heard in Montgomery County because respondent, to whom custody had been awarded, and the child reside there (see Family Ct Act, § 171), and because the petition was filed there (see Family Ct Act, § 172). When requested to transfer the papers to the Montgomery County Family Court (see Family Ct Act, § 173), however, the Otsego County Family Court refused and, after holding a hearing to determine whether the matter should be transferred to Montgomery County, ordered that the proceeding be tried in Otsego County. This appeal followed and we find no reason to prevent this matter from going forward in the Montgomery County Family Court. The judgment of divorce provided that any future disputes concerning custody of the child could be heard in the appropriate Family Court (see Family Ct Act, § 652), and the clear mandate of the Family Court Act permits a proceeding to modify an order of the Family Court of one county to be brought and heard in the Family Court of the "county in which the party affected * * * resides" (Family Ct Act, § 171). The challenged order of custody was made by the Otsego County Family Court at a time when the parties resided in Otsego County. Respondent and the child now reside in Montgomery County and, under section 171 of the Family Court Act, the Montgomery County Family Court has authority to modify the order of the Otsego County Family Court. It is noteworthy that petitioner no longer resides in Otsego County and, thus, none of the interested parties currently resides there. Accordingly, the Otsego County Family Court should transfer the appropriate papers to the Montgomery County Family Court and the proceeding should continue in Montgomery County. Order reversed, on the law, without costs, and matter transferred to Family Court of Montgomery County. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.