OPINION OF THE COURT
Dan Lamont, J.
In this support proceeding brought pursuant to article 4 of the Family Court Act, the pro se respondent moves pursuant to Family Court Act § 421 and CPLR 511 (a) and 510 (3) for a change of venue to Suffolk County Family Court.
For the reasons which follow, this court holds and deter *101 mines that respondent’s motion for a change of venue should be and the same will be granted unless the petitioner elects to commence a uniform support of dependents proceeding under article 3-A of the Domestic Relations Law (Uniform Support of Dependents Law).
THE LAW
Family Court Act § 421 ("Venue”) provides as follows: "Proceedings to compel support under this article may be originated in the county in which one of the parties resides or is domiciled at the time of the filing of the petition. Upon application, the family court may change the place of trial of a proceeding in accordance with article five of the civil practice law and rules” (emphasis supplied).
CPLR 510 ("Grounds for change of place of trial”) provides in applicable part as follows:
"The court, upon motion, may change the place of trial of an action where * * *
"3. the convenience of material witnesses and the ends of justice will be promoted by the change” (emphasis supplied).
The Uniform Support of Dependents Law (Domestic Relations Law §35 ["Cases in which proceedings are maintainable”]) provides in applicable part as follows:
"A proceeding to compel support of a dependent may be maintained under this article in any of the following cases:
"1. Where the petitioner and the respondent are residents of or domiciled or found in different counties of the same state. Whenever a proceeding hereunder is so maintained, the terms 'initiating state’ and 'responding state’ as used in this article shall be read and construed to mean and include respectively 'initiating county’ and 'responding county’ in relation to any such proceeding within the same state.”
Domestic Relations Law §41 ("Construction of article”) provides in applicable part as follows: "1. This article shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter.”
Family Court Act § 171-a ("Enforcement or modification of support orders; procedure”) provides as follows: "Upon a petition to enforce or modify an order of support made pursuant to article four, five or five-A of this act, or pursuant to article *102 three-A of the domestic relations law, the court shall not require a petitioner to proceed in accordance with the uniform support of dependents proceedings set forth in article three-A of the domestic relations law.”
DISCUSSION
In this case, an unemployed, pro se Suffolk County resident who was arrested in Suffolk County upon this court’s warrant issued pursuant to Family Court Act § 428 and admitted to bail by the Suffolk County Family Court has traveled 250 miles and requests either a change of venue, or that the petitioner be required to proceed under article 3-A of the Domestic Relations Law (Uniform Support of Dependents Law). The inability to serve respondent and/or his failure to obey the summons which led to his subsequent arrest in Suffolk County on this court’s warrant and his arraignment in Suffolk County Family Court could well have required the Schoharie County Sheriff’s Department to make a 500-mile round trip to pick up respondent had the respondent not made $500 cash bail.
In support matters, which usually involve regular weekly payments through the support collection unit, and generally involve numerous court appearances for enforcement, violation, and/or modification proceedings, this court holds and determines that the convenience of material witnesses and the ends of justice will often be promoted by a change of venue or by the commencement of a uniform support of dependents proceeding. Obviously, for the Commissioner of Social Services and/or the mother of two children to travel 250 miles to the Suffolk County Family Court is likewise extremely inconvenient, impractical, expensive, and unreasonable.
Notwithstanding the fact that the Legislature amended Family Court Act § 421 in 1986 to provide that the petitioner may originate a support proceeding in the county where petitioner resides and thereby eliminated the requirement that the respondent reside in the same or an adjoining county, this court holds and determines that particularly where a public welfare agency is the petitioner and the respondent of meager means resides in a far distant county, the Family Court can and should properly exercise its discretion to grant a motion for a change of venue, unless petitioner elects to commence a uniform support of dependents proceeding under article 3-A of the Domestic Relations Law. Simply stated, this *103 court determines that Family Courts can and should exercise discretion under Family Court Act § 421 such that respondents and their witnesses should not routinely be required to travel from Riverhead to Buffalo or from Jamestown to Plattsburgh when the alternative of a Domestic Relations Law article 3-A uniform support of dependents proceeding is available.
Notwithstanding the provisions of Family Court Act § 171-a —which by implication may apply to new support proceedings —this court holds and determines that the Family Court can properly upon motion in appropriate cases grant a discretionary change of venue unless petitioner commences a uniform support of dependents proceeding — thereby promoting convenience of all material witnesses and of both parties, as well as promoting the ends of justice.
CONCLUSION
This court holds and determines that respondent’s motion for a change of venue should be and the same hereby is granted, and the petitioner may either prosecute this support case in Suffolk County Family Court or else bring a proceeding under article 3-A of the Domestic Relations Law with the Schoharie County Family Court as the initiating court and the Suffolk County Family Court as the responding court. In the meantime, the temporary order of support made by this court on December 30, 1991, shall remain in full force and effect.