■ In the Matter of MARIA COLLAZO, Appellant, v VICTOR R. CRUZ, Respondent. [615 NYS2d 735] —In proceedings for an upward modification of child support, the petitioner mother appeals from an order of the Family Court, Putnam County (Braatz, J.), entered August 18, 1992, which denied her objections to an order of the same court (Winslow, H.E.), entered

July 6, 1992, which dismissed the petitions without prejudice, "as defective".

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, the objections are sustained, the petitions are reinstated, and the matter is remitted to the Family Court, Putnam County, for further proceedings consistent herewith.

The petitioner appellant mother, a resident of Putnam County, and the respondent father, a resident of the Bronx, were divorced in 1973. They have two children, the younger of whom is the subject of the instant petitions. The mother filed the instant petitions in the Family Court, Putnam County, to enforce and modify a 1986 support order of the Family Court, Bronx County, to collect dental expenses incurred by the parties' younger son, and to compel the father to contribute toward this child's college expenses. The Family Court dismissed the petitions without prejudice, finding that they should have been brought pursuant to the procedures of the Uniform Support of Dependents Law (Domestic Relations Law art 3-A; hereinafter USDL) and not pursuant to Family Court Act article 4, and that accordingly, the matter should have been transferred to the Family Court, Bronx County. We reverse.

The mother filed a USDL petition in Putnam County in 1975 and in 1977, obtained a 1977 order from the Family Court, Bronx County, captioned as a proceeding pursuant to the USDL. In 1984 and 1986 Family Court, Bronx County, issued support orders captioned as proceedings under Family Court Act article 4. Even assuming that the Family Court, Putnam County, was correct in its conclusion that "the Bronx Family Court simply used the wrong form[s] on which the [1984 and 1986] order[s] were entered", the court was not correct that a petition for enforcement of a USDL order "must be submitted in compliance with a USDL proceeding".

Clearly, a USDL proceeding may appropriately be utilized to obtain support where the custodial and noncustodial parents reside within different counties within this State (see, Domestic Relations Law § 35 [1]; see, Matter of Silvestris v Silvestris, 24 AD2d 247). However, in this case, the father appeared in the Family Court, Putnam County, and no jurisdictional objections appear on the record. Since the Family Court, Putnam County, acquired jurisdiction over both of the parties, the USDL provides that the provisions of the otherwise applicable existing State laws "shall govern and control the procedure to

be followed in such proceeding" (Domestic Relations Law § 37 [2]). Thus, the USDL itself compels application of Family Court Act procedures in this case. This is consistent with the intent of the Legislature, as the USDL "shall be construed to furnish an * * * alternative civil remedy and shall in no way affect or impair any other remedy * * * provided in any other statute and available to the petitioner" (Domestic Relations Law § 41 [1]; *see, Matter of Kaplan v Kaplan,* 167 AD2d 652; *Matter of LaBoy v Hernandez,* 131 AD2d 485). This conclusion is also consistent with Family Court Act § 171-a, which, regarding petitions to modify or enforce, *inter alia,* USDL support orders, provides that "the court shall not require a petitioner to proceed in accordance with the [USDL]". Thus, the court was not correct to find the instant petitions defective. Assuming, arguendo, that the court was correct, the proceeding would have been subject to a transfer to the Family Court, Bronx County *(see, Matter of Schneider v Schneider,* 72 Misc 2d 423). However, while the court had the authority to transfer the matter to the Family Court, Bronx County, "for good cause" (Family Ct Act § 174; *see, Matter of Chichester v Charles F.,* 153 Misc 2d 100), no such showing was made in this case *(see, Matter of Tavolacci v Garges,* 124 AD2d 734). Rather, since the court had the authority to modify the prior orders of the Family Court, Bronx County *(see,* Family Ct Act § 171; *Matter of Fusco v Roth,* 100 Misc 2d 288; *see also, Matter of Garner v Forsythe,* 80 AD2d 712), it should have decided the petitions on the merits. Accordingly, we remit this matter to the Family Court, Putnam County, for determination of the merits, subject to any application by the father, demonstrating good cause, to warrant a change of venue or other appropriate relief. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.