■ In the Matter of RONALD J. FEENEY, Respondent, v KELLY E. GRAEF, Appellant. [649 NYS2d 577] —Order unanimously affirmed without costs. Memorandum: Petitioner father instituted this proceeding against respondent mother in Hamilton County Family Court. The petition seeks to modify a prior

order of Monroe County Family Court by curtailing respondent's court-ordered visitation with the parties' son. By leave of this Court, respondent appeals from an order of Monroe County Family Court transferring the proceeding from Monroe County to Hamilton County Family Court. Respondent contends that the order of transfer must be reversed because it erroneously recites that neither party lives in Monroe County; because petitioner unilaterally removed the child from Monroe County to Hamilton County without court authorization; and because respondent would be prejudiced by the transfer of the proceeding to a distant county.

We conclude that the petition for modification may be heard in Hamilton County. Family Court Act § 171 provides: "A lawful order of the family court in any county may be enforced or modified in that county or in the family court in any other county in which the party affected by the order resides or is found." In view of that provision, it was unnecessary for petitioner to obtain an order of transfer from Monroe County Family Court before commencing the proceeding in Hamilton County, where petitioner and the parties' son now reside. Petitioner is a "party affected" by the prior order awarding joint custody with primary residence with petitioner, subject to extensive visitation rights granted to respondent (*see, Matter of Garner v Forsythe*, 80 AD2d 712, 713; *see also, Matter of Vanloan v Dillenbeck*, 97 AD2d 935; *Matter of Fusco v Roth*, 100 Misc 2d 288, 290-291).

Even assuming, arguendo, that it was necessary for petitioner to obtain an order of transfer before commencing the proceeding in Hamilton County, we conclude that the matter was properly transferred pursuant to Family Court Act § 174. It is dispositive that the proceeding could have originated in Hamilton County pursuant to Family Court Act § 171 (*see, Matter of Vanloan v Dillenbeck, supra*) and that there is "good cause" for allowing the proceeding to be litigated in Hamilton County, where petitioner and the child reside (*Matter of Fusco v Roth, supra,* at 293). Respondent's residence in Monroe County, petitioner's alleged wrongful removal of the child to Hamilton County, and respondent's hardship in having to travel to Hamilton County are irrelevant to the propriety of petitioner's laying venue in Hamilton County. (Appeal from Order of Monroe County Family Court, Taddeo, J.—Visitation.) Present—Denman, P. J., Green, Wesley, Doerr and Boehm, JJ.