OPINION OF THE COURT
W. Dennis Duggan, J.
The court holds in this case that demonstrated acts of domestic violence by the father against the mother defeat his *670 good cause claims that would otherwise support a change of venue back to his county of residence.
Family Court Act § 174 permits a Family Court to transfer a case to another county where the matter might have been originated when good cause is shown. Pursuant to Family Court Act § 165, venue may be in any county where one of the parties resides at the time of the commencement of the proceeding.
The parents in this case lived together in Franklin County from 1997 until September 26, 2001, when the mother fled the marital residence. After several days in a domestic violence shelter in Franklin County, she came to Albany to live with her sister. The mother then filed custody and family offense petitions in Albany County. The father’s request for a venue change is based on the standard reasons of witness convenience and substantial contacts with Franklin County. The mother alleges that she fled her home with virtually none of her or her children’s belongings. She states she has no vehicle with which to travel to any court proceedings in Franklin County, which is about a three-hour drive from Albany.
In a civil proceeding governed by the CPLR, a discretionary change of venue motion would be controlled by section 510 (3) and granted where the “convenience of material witnesses and the ends of justice will be promoted by the change.” This section is, for all practical purposes, identical in meaning to Family Court Act § 174, which requires that a change of venue be supported by “good cause.” Both provisions are also broad enough to encompass the inconvenient forum considerations set forth in CPLR 327 (a), which usually apply to the moving of a case, properly venued in New York, to the courts of another state because the case lacks substantial contacts with New York.
In this proceeding, there is no dispute that the weight of the evidence is located in Franklin County, where the family has lived for the past several years. It would also presumably be inconvenient for the material witnesses to drive three hours to Albany to testify. Additionally, Albany has no substantial contacts with the case. At the time the petition was filed, the mother had lived in Albany County for less than a week. Considering these circumstances alone, it would be a provident exercise of discretion to transfer this case to Franklin County. However, because of the demonstrated acts of domestic violence *671 by the father against the mother, it would be improvident to do so. In this case, it would not serve the ends of justice to deprive the mother of her safe harbor in Albany County.
The mother’s family offense petition alleges, primarily, a serious pattern of emotional domestic violence. The allegations describe a course of conduct by the father rather than the more typically seen allegations of discrete acts of physical violence. The allegations include keeping the mother isolated from relatives and friends, verbal abuse, excessive possessiveness, deprivation of physical and economic resources and destruction of personal property. The father has admitted in court that, after the mother initially fled the marital residence, he took and destroyed every item of her clothing, including her underwear and her wedding dress. The mother also alleges that the father removed from the home (in addition to many other items of personal property) her appointment book, her jewelry and all the family photographs.
Federal and state legislation instructs the courts that they must consider the issue of domestic violence when determining where custody disputes should be litigated. The New York State Legislature has found domestic violence to be an important factor in interstate custody matters, as can be seen in the recent enactment of the Uniform Child Custody Jurisdiction and Enforcement Act. One of the factors to be considered in an inconvenient forum decision under that Act is “whether domestic violence or mistreatment or abuse of a child or sibling has occurred and is likely to continue in the future and which state could best protect the parties and the child” (Domestic Relations Law § 76-f [2] [a], L 2001, ch 386, eff Apr. 28, 2002.) Federal law also directs that domestic violence is a factor that must be considered when determining whether to retain jurisdiction in the United States in an international custody case under the International Parental Kidnapping Act (18 USC § 1204 [c] [2]).* The existence of domestic violence would also support one country’s refusal to return a child to the child’s country of residence to resolve a custody dispute (Hague Convention of the Civil Aspects of International Abduction, ch III, arts 13 [b]; 20 [TIAS 11670]; International Child Abduction Remedies Act, 42 USC § 11601 et seq.).
*672 The court is mindful of the fact that allowing one parent to litigate a custody dispute in her new county of residence, while also having temporary custody of the children, gives her a substantial home court advantage. It also has the ancillary effect of molting a simpler custody dispute into a relocation case. However, there is no reason why the legislative commands to consider domestic violence in interstate and international child custody jurisdictional disputes should not be brought to bear on the issue of intrastate venue determinations. In this case, requiring the mother to return to Franklin County to prosecute her custody action would be patently unjust, based on her apparent impoverishment at the hands of her husband. It would also pose a significant risk to the health, and safety of the mother based on the father’s alleged and established domestic violence.
The standard to be applied to an inconvenient forum or change of venue motion should be the same whether it is between countries, states or counties. In this case, the domestic violence factor clearly outweighs the usual factor of witness convenience and substantial contacts with the original county of residence. For this reason, the court finds that these petitions should be heard in Albany County, and the father’s motion to change venue is denied.

 An affirmative defense under the International Parental Kidnapping Act is that the “defendant was fleeing an incidence or pattern of domestic violence.” For further discussion on this point, see Weiner, International Child Abduction and Escape from Domestic Violence (69 Fordham L Rev 593 [Nov. 2000]).