In the Matter of FELICIA HENRY, Appellant, v ANDREW SKRATT, Respondent. (Proceeding No. 1.) In the Matter of FELICIA HENRY, Appellant, v ANDREW SKRATT, Respondent. (Proceeding No. 2.) [784 NYS2d 126]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6 and a related family offense proceeding pursuant to Family Court Act article 8, the mother appeals from (1) an order of the Family Court, Kings County (Gary, J.), dated May 20, 2003, which granted those branches of the father's motion which were to dismiss the petitions for modification of an order of visitation dated December 2, 2002, on the ground of forum non conveniens and (2) an order of the same court dated June 3, 2003, which granted that branch of the father's motion which was to dismiss a family offense petition for an order of protection against the father on the ground of forum non conveniens.

Ordered that the orders are reversed, on the law, with costs, those branches of the motion which were to dismiss the petitions are denied, and the proceedings are transferred from the Family Court, Kings County to the Family Court, Richmond County.

The Family Court improperly granted those branches of the father's motion which were to dismiss the petitions on the ground of forum non conveniens. The Family Court Act does

not permit dismissal of proceedings on the ground that there is a more convenient venue elsewhere in the state. Rather it permits the Family Court in one county, for good cause, to transfer a proceeding to any other county where it might have been originated (*see* Family Ct Act § 174; *cf.* Domestic Relations Law § 76-f [1]).

Although the father did not specifically request a transfer of the proceedings, he correctly asserted that these proceedings should be determined in Richmond County, since the proceedings might have been originated there (*see* Family Ct Act §§ 171, 174, 818), and he demonstrated "good cause" for their transfer (*see* Family Ct Act § 174).

The subject child has resided with the father in Richmond County since 2001 and attends school there. Furthermore, as the mother's petitions for modification were partially based on allegations that the father interfered with pick-ups for visitation, the mother's access to the child's public school records, and restricted telephone access to the child, all of which allegedly occurred in Richmond County, their determination will require the testimony of witnesses who live and/or work in that county. Therefore, the convenience of the parties and potential witnesses will be best-served by the transfer of the petitions for modification to Richmond County.

Since the allegations in the family offense petition arose from telephone calls between the parties from their respective homes in Richmond County and Kings County, either county is a proper venue (*see* Family Ct Act § 818). However, since the allegations in this petition are intertwined with those in the modification petitions, the interest of judicial economy requires that the family offense petition also be transferred to Richmond County. Ritter, J.P., Cozier, Skelos and Lifson, JJ., concur.