■ In the Matter of MELANIE ARCURI, Respondent, v RICCARDO OSUNA, Appellant. [840 NYS2d 81]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, by permission, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), dated January 26, 2007, as denied his motion pursuant to Family Court Act § 174 to transfer venue of the proceeding from Suffolk County to Otsego County.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the motion to transfer venue of the proceeding from Suffolk County to Otsego County is granted, and the Clerk of the Family Court, Suffolk County, is directed to deliver to the Clerk of the Family Court, Otsego County, all papers filed in this proceeding, and certified copies of all minutes and entries.

The father's motion to transfer venue is not barred by the terms of the parties' custody agreement, dated October 28, 2005, which was so-ordered by the Suffolk County Family Court. Moreover, on this record, the father established good cause to transfer the instant proceeding from Suffolk County, where the mother and the oldest child reside, to Otsego County, where he and the four youngest children reside (see Family Ct Act §§ 171, 174).

"[T]he essential consideration in any child custody controversy is the best interests of the child. The hearing court may order a change in custody if the totality of the circumstances warrants a modification in the best interests of the child" (*Matter of Ganzenmuller v Rivera,* 40 AD3d 756, 757 [2007] [citations omitted]). Here, the convenience of the parties and the potential witnesses who can most knowledgeably speak to the children's best interests will best be served by transferring the proceeding to Otsego County. Accordingly, the Family Court

improvidently exercised its discretion in denying the father's motion pursuant to Family Court Act § 174 to transfer venue (*see Matter of Henry v Skratt,* 11 AD3d 691 [2004]; *Matter of Baccash v Baccash,* 231 AD2d 714 [1996]; *cf. Matter of Feeney v Graef,* 233 AD2d 941 [1996]). Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.