In the Matter of WILLIAM CRUZ, Appellant, v CAROLINA CRUZ, Respondent. [853 NYS2d 569]—

In related visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of disposition of the Family Court, Suffolk County (Lynaugh, J.), dated December 11, 2006, which, sua sponte, dismissed the proceedings without prejudice.

Ordered that the appeal from so much of the order as dismissed those branches of the petitions which were for visitation with the parties' two oldest children is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Two of the parties' four children have reached the age of 18 years. Since the Family Court only has jurisdiction to direct visitation with minor children, defined as children who have not attained the age of 18 years (*see* Family Ct Act § 119 [c]; § 651),

the proceedings with respect to them have been rendered academic (*see Matter of Lozada v Pinto,* 7 AD3d 801 [2004]).

We affirm the dismissal of those branches of the petitions which were for visitation with the parties' two younger children, albeit for reasons other than those stated by the Family Court. The Family Court dismissed the proceedings on the ground that "it appears that . . . the subject children now reside in Brooklyn, New York" and therefore "proper venue now lies in Kings County." However, the Family Court Act does not authorize dismissal of proceedings for forum non conveniens or improper venue. The proper remedy when the venue of a proceeding is placed in an improper or inconvenient county is to transfer the proceeding to the proper or more convenient county pursuant to Family Court Act § 174 (*see Matter of Arcuri v Osuna,* 41 AD3d 841 [2007]; *Matter of Henry v Skratt,* 11 AD3d 691, 692 [2004]).

Nevertheless, the proceedings should have been dismissed on the ground that the Family Court did not acquire personal jurisdiction over the mother. There is no evidence in the record as to where the mother and the children reside. The father states, in the petitions, that it is "likely" that the mother moved into the maternal grandmother's apartment in Brooklyn with the children, but he did not provide the court with a name or address for the maternal grandmother. The father thus sought authorization to serve the mother by publication, since he did not and does not know her current address. Because the Family Court, sua sponte, dismissed the proceedings based on improper venue, it did not address this request, and the petitions were never served.

There is no provision of the Family Court Act, however, which authorizes service by publication in a visitation proceeding. Family Court Act § 651 (b) states that a custody or visitation proceeding commenced in the Family Court is governed by Domestic Relations Law § 240 or the law applicable to habeas corpus proceedings commenced in the Supreme Court. Domestic Relations Law § 240 (1) (a), in turn, describes a custody or visitation proceeding as a proceeding to obtain custody or visitation "by writ of habeas corpus or by petition and order to show cause." CPLR 7005 provides that, in a habeas corpus proceeding, the court, for good cause shown, may dispense with the usual methods of service and direct service "in some other manner which it finds reasonably calculated to give notice to such person of the proceeding." Service by publication, however, is basically a symbolic gesture, not a manner reasonably calculated to give notice (*see* Siegel, NY Prac § 107, at 194 [4th ed]).

If there is good cause shown, service by an alternative method specifically tailored to the particular facts of the case and reasonably calculated to give notice would be sufficient (*see* CPLR 7005). Here, the father failed to provide the court with any information upon which to base such an alternative method of service. In view of the foregoing, the proceeding should have been dismissed, sua sponte, for lack of personal jurisdiction over the mother.

The father's remaining contentions are without merit or are not properly before this Court. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.