■ KAREN McCARTHY, Respondent, v THOMAS D. McCARTHY, Appellant. [854 NYS2d 456]—

The parties' judgment of divorce, which incorporated, but did not merge, a stipulation of settlement dated February 16, 2000,

provided that the Supreme Court would retain jurisdiction of the matter concurrently with the Family Court for the purpose, inter alia, of making further determinations with respect to support, custody, or visitation. From the time that the judgment of divorce was entered, the Family Court, Suffolk County, has heard at least one petition to modify the visitation schedule with respect to the parties' child, and has appointed a Law Guardian for the child. Both parties reside in Suffolk County, and the child's therapist practices there.

The father nonetheless moved in the Supreme Court, Nassau County, inter alia, to transfer custody of the child from the mother to him. The mother cross-moved to change venue from Nassau County to Suffolk County and to refer the matter to the Family Court, Suffolk County (see CPLR 510 [3]; Family Ct Act § 651 [a]). The Supreme Court granted the cross motion and directed that the issues raised in the father's motion be determined in Suffolk County. We affirm.

Inasmuch as the Family Court, Suffolk County, is familiar with the issues in the matter, the child and both of the parents reside in Suffolk County, and it appears that all of the material witnesses are in Suffolk County, the Supreme Court providently exercised its discretion in granting the mother's cross motion (see CPLR 510 [3]; cf. Matter of Arcuri v Osuna, 41 AD3d 841 [2007]). The father's argument that the Supreme Court lacked the power to grant the motion is without merit (see Family Ct Act § 651 [a]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.