*892 OPINION OF THE COURT
W. Dennis Duggan, J.
The issue before the court is whether venue of the mother’s custody petition should be changed from Albany County Family Court to Rensselaer County Family Court pursuant to Family Court Act § 174.
The parents have never been married. They have a 12-year-old child. There have been six petitions previously filed between the parents, all in Rensselaer County Family Court (in 2003, 2004, 2006, 2010 and two in 2011). Two were withdrawn, three were settled and one is pending.
The father has filed a motion requesting that this matter be transferred to Rensselaer County Family Court on the grounds of inconvenient forum and forum shopping.
“In a civil proceeding governed by the CPLR, a discretionary change of venue motion would be controlled by section 510 (3) and granted where the convenience of material witnesses and the ends of justice will be promoted by the change. This section is, for all practical purposes, identical in meaning to Family Court Act § 174, which requires that a change of venue be supported by good cause” (Jeanne E. M. v Lindey M. M., 189 Misc 2d 669, 670 [2001] [internal quotation marks omitted]).
In this case, the father asks that the mother’s petition be moved from Albany County Family Court to Rensselaer County Family Court. The court will take judicial notice that those two courthouses are seven miles or a 13-minute drive apart. In support of his request, the father cites to Jeanne E. M. v Lindey M. M. (supra). Jeanne E. M. was a decision issued by this court. In that case, the most decisive factor as to why a venue change to Albany County from Franklin County (a three-hour drive) was proper, even though all the relevant incidents took place in that county, was the element of domestic violence. The domestic violence was such that it would have been dangerous for the mother to have been forced to return to Franklin County, where the father lived, to prosecute her action. That danger to the mother offset any inconvenience to the father of having to defend himself in Albany County. To argue that this case presents as compelling a circumstance for moving the matter to a court 13 minutes away is insupportable. The father presents no “good cause” for the transfer of this case to Rensselaer and no evidence that the mother is forum shopping.
*893 The father also cites to Islamic Republic of Iran v Pahlavi (62 NY2d 474 [1984]) for the proposition that factors to be considered are hardship to the respondent, availability of another forum, locus of the cause of action and residency of the parties. Islamic Republic of Iran was a case where Iran attempted to recover monies allegedly stolen by the Shah by bringing suit in the courts of the State of New York. The Court of Appeals held that although there might not be another forum in which the plaintiff could bring its action, the cause of action and all of the evidence was in Iran and the New York courts should not be burdened with their issues when there was no proof that any evidence was in New York or that enforcement would be possible in New York. Here, the mother resides in Albany County with the child and it is not disputed that she has resided with the child in Albany County for the past seven years. There is clearly no hardship to the respondent in appearing in Albany County versus Rensselaer County. The ability of witnesses to appear in either county is about equal. The father cites to Matter of Arcuri v Osuna (41 AD3d 841 [2007]) and Martin-Trigona v Stewart (233 AD2d 237 [1996]) for the proposition that the best interests of the child should be a factor which is considered in a venue decision. In Arcuri, the petition was transferred from Suffolk County to Otsego County because the father lived in Otsego County with four of the children. The Appellate Division, Second Department, held that the “convenience of the parties and the potential witnesses who can most knowledgeably speak to the children’s best interests will best be served by transferring the proceeding to Otsego County” {Arcuri at 841). In Martin-Trigona (at 238), the Appellate Division, First Department, transferred a petition from New York County to Ulster County on the Attorney for the Child’s request to consolidate it with “prior actions already pending.”
Here, there has never been a trial on the custody or parenting time of this child. While there has been an in camera hearing with the child, there has never been a plenary judicial determination in this case made in Rensselaer County. All previous matters were either settled or withdrawn. The court finds no harm to the parents or the child by having to appear in Albany County Family Court, 13 minutes away from the other county’s courthouse. The only petition pending in that county was filed by the father three weeks after the mother filed her petition in Albany County.
The father argues that there has been “extensive litigation in Rensselaer County within the last year.” A review of the Uni- *894 fled. Court System database (UCMS) shows four appearances on one petition in late 2010 and early 2011. That petition was withdrawn. Also, there were two appearances on a petition filed in March 2011, and one appearance on a petition filed in September 2011. That petition has been held in abeyance pending the decision on venue in this case. Altogether there were six appearances over a 14-month period. However, there was never a trial and no judicial determination of the matter has been made.
Based on the above, the court finds that venue is proper in Albany County. The father’s motion is denied.