■ In the Matter of SHAUNDELL WINTER, Appellant, v PAUL S. KARINS, Respondent. [947 NYS2d 524]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Staton, J.H.O.), dated December 13, 2010, which, in effect, granted the father's motion to dismiss her petition to modify a prior order of visitation of the Family Court, Albany County (Maney, J.), dated August 22, 2008, on

the ground that the Family Court, Kings County, lacked jurisdiction.

Ordered that the order dated December 13, 2010, is reversed, on the law, without costs or disbursements, the motion to dismiss the petition is denied, and the proceeding is transferred from the Family Court, Kings County, to the Family Court, Albany County.

The Family Court, Kings County, erred by, in effect, granting the father's motion to dismiss the petition upon the ground that it lacked jurisdiction. Family Court Act § 171 provides that "[a] lawful order of the family court in any county may be enforced or modified in that county or in the family court in any other county in which the party affected by the order resides or is found." Here, the mother and the parties' son reside in Kings County, and the mother was a "party affected" by the prior order of visitation (Family Ct Act § 171; *see Matter of Feeney v Graef*, 233 AD2d 941, 942 [1996]; *Matter of Garner v Forsythe*, 80 AD2d 712, 713 [1981]). Thus, the Family Court, Kings County, had jurisdiction to entertain the mother's petition to modify the prior order of visitation issued by the Family Court, Albany County.

However, the father correctly asserted that this proceeding should be determined in Albany County, as the proceeding could have been originated there (*see* Family Ct Act §§ 171, 174), and he demonstrated "good cause" for its transfer (*see* Family Ct Act § 174; *Matter of Cruz v Cruz*, 48 AD3d 804, 805 [2008]; *Matter of Henry v Skratt*, 11 AD3d 691, 692 [2004]). The father resides in Albany County and the mother's petition for modification was based upon incidents which allegedly occurred in Albany County (*see Matter of Henry v Skratt*, 11 AD3d at 692). Accordingly, the convenience of the parties and potential witnesses will be best served by the transfer of the proceeding to Albany County (*see Matter of Arcuri v Osuna*, 41 AD3d 841, 841-842 [2007]; *Matter of Henry v Skratt*, 11 AD3d at 692). Dillon, J.P., Lott, Roman and Cohen, JJ., concur.