In a matrimonial action in which the parties were divorced by judgment entered February 24, 1999, the defendant appeals from an order of the Supreme Court, Queens County (Sampson, J.), dated November 25, 2011, which denied her motion, inter alia, for an upward modification of the plaintiffs child support obligation and to modify a certain provision of a so-ordered stipulation dated August 25, 2006, without prejudice to renewal in the Family Court, Westchester County, and granted the father’s cross motion, in effect, for a change of venue from the Supreme Court, Queens County, to the Family Court, Westchester County, to the extent of directing that issues of custody and child support shall be determined by the Family Court, Westchester County.
Ordered that the order is affirmed, with costs.
The parties were divorced by a judgment of divorce entered February 24, 1999, in the Supreme Court, Queens County. Since then, the parties have litigated issues relating to child support in the Family Court, Westchester County. In 2006, the parties modified their separation agreement, which was incorporated but not merged into the judgment of divorce, by entering into a so-ordered stipulation, which was entered in the Family Court, Westchester County. In 2009, the defendant former wife filed a petition, which she later amended, in the Family Court, Westchester County, inter alia, for an upward modification of the plaintiff former husband’s child support obligation. The defendant also filed a violation petition seeking enforcement of the father’s child support obligation. A hearing on those petitions was held before a Support Magistrate of the Family Court, Westchester County.
In January 2011, approximately one month after the Support Magistrate declined to allow the defendant, during the hearing, to file a second amended petition for an upward modification, the defendant moved in the Supreme Court, Queens County, inter alia, for an upward modification of the plaintiffs child *1022 support obligation and to modify a certain provision of the so-ordered stipulation. The plaintiff cross-moved, in effect, to change venue from the Supreme Court, Queens County, to the Family Court, Westchester County. The Supreme Court denied the defendant’s motion without prejudice to renewal in the Family Court, Westchester County, and granted the plaintiffs cross motion to the extent of directing that issues of custody and child support shall be determined by the Family Court, Westchester County. The defendant appeals, and we affirm.
Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the plaintiffs cross motion to the extent it did, and in denying the defendant’s motion without prejudice to renewal in the Family Court, Westchester County (see CPLR 510 [3]; McCarthy v McCarthy, 49 AD3d 696, 697 [2008]). The parties have litigated issues relating to child support in the Family Court, Westchester County, since 2006. The so-ordered stipulation, which the defendant seeks to modify, was entered in the Family Court, Westchester County. Further, the petitions filed by the defendant in the Family Court, Westchester County, are apparently still pending, as the defendant filed objections to the Support Magistrate’s order denying the petitions. The Family Court, Westchester County, is familiar with the issues in the matter, while the Supreme Court, Queens County, has not been involved with the parties since the judgment of divorce was entered in February 1999. In addition, the defendant and the parties’ children reside in Westchester County, and it appears that most of the material witnesses are in Westchester County (see CPLR 510 [3]; McCarthy v McCarthy, 49 AD3d at 697).
The defendant’s remaining contentions do not warrant reversal. Rivera, J.P., Hall, Lott and Cohen, JJ., concur.