Garry, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered April 1, 2011, which, among other things, dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
An April 2010 Family Court order awarded sole custody of the parties’ child (born in 2006) to respondent (hereinafter the mother) and provided petitioner (hereinafter the father) with visitation every other weekend, every other Thursday evening and half of all holidays. During the year following entry of the custody order, the parties filed numerous petitions in Family Court, all but one of which were withdrawn. The remaining petition, the father’s application for modification of the custody order seeking sole custody of the child, proceeded to a hearing in March 2011. At the conclusion of the hearing, Family Court determined that the father had not established that there had been a change of circumstances warranting modification of the prior custody order. However, upon the agreement of all parties, the court added a provision to the order granting the father access to the child’s medical and educational records. The father now appeals.
We reject the father’s argument that Family Court improperly limited his proof, denying him a fair hearing. Family Court has “broad discretion in determining the parameters for proof to be accepted at the hearing” (Matter of Cool v Malone, 66 AD3d 1171, 1173 [2009] [internal quotation marks and citation omitted]), and we do not discern any abuse of this discretion in the record before us. The court properly precluded hearsay evidence during both parties’ testimony and limited the proof to matters relevant to the father’s application for sole custody.
*1198 We further agree with Family Court that there was no proof of a change in circumstances warranting modification of the prior order to ensure the best interests of the child (see Matter of Fox v Grivas, 81 AD3d 1014, 1015 [2011]; Matter of Sparling v Robinson, 35 AD3d 1142, 1143 [2006]; Matter of Meyer v Lerche, 24 AD3d 976, 976-977 [2005]). Instead, the father’s testimony was simply a catalogue of his complaints with the existing custody order and dissatisfaction with the mother having sole custody of the child. It is abundantly clear from the record that the parties have made no improvement in their ability to communicate with each other, and no basis for modification of the custody order was shown.
Peters EJ., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.