OPINION OF THE COURT
John M. Hunt, J.
Respondent, Amanda Q., has filed objections to an order issued by the Support Magistrate on May 20, 2015. That order, which is referred to as an “order of dismissal,” in effect denies respondent’s application for entry of an order of support on behalf of the parties’ daughter, Adrielle O. The petitioner, Yemi O., the father of the child, has filed a rebuttal to the mother’s objections.
The parties, Yemi O. and Amanda Q., are the parents of one child, Adrielle O., who was born in 2011. Mr. O. filed a petition seeking to be declared the father of Adrielle on November 20, 2013 (see Family Ct Act § 522). Following proceedings upon the paternity petition, an order of filiation was entered by the Support Magistrate on October 7, 2014 declaring Mr. O. to be the father of Adrielle (Family Ct Act § 542 [a]). On that date the Support Magistrate entered a temporary order of support directing that Mr. O. pay $430 biweekly on behalf of the child directly to the mother by check or money order. The Magistrate further directed that the parties provide each other with financial disclosure pursuant to Family Court Act § 424-a, including a copy of their most recent paycheck stubs and income tax returns, and Ms. Q. was directed to produce the person who provides child care for Adrielle on the next court date of January 20, 2015. The Magistrate also directed that the mother establish an account with the Support Collection Unit for future support payments (Family Ct Act § 546 [a]), and the case proceeded solely on the issue of child support (see Family Ct Act § 545).[1]
Apparently counsel for the mother served a notice for discovery and inspection upon counsel for the father on or about October 27, 2014, to which the father’s attorney filed objections *1060 on October 29, 2014. The objections to the notice for discovery were met by the mother’s filing of a motion to compel discovery or to preclude evidence, and the father served his own notice for discovery and inspection upon the mother’s attorney. In response to the mother’s motion to compel discovery or to preclude evidence the father filed a cross motion seeking to preclude the mother from presenting evidence. The cross motions were ultimately denied by the Support Magistrate on May 19, 2015.
The transcript of the May 19, 2015 proceedings, which has been reviewed by the court along with the mechanical recording of the proceedings conducted on that date, and the record reflect that the Support Magistrate had expended considerable time and effort in order to prepare the case for a support hearing. On the scheduled hearing date of May 19, 2015 the father submitted a financial disclosure affidavit, his final paycheck stub for 2014, a current paycheck stub from 2015, and his 2014 income tax return and W-2 wage and tax statement, as required by Family Court Act § 424-a.
The mother submitted a financial disclosure affidavit and representative paycheck stubs, but she failed to produce her 2014 income tax return or a W-2 wage and tax statement for that year. The Support Magistrate had also ordered that the mother produce her income tax returns for the years 2011-2013 along with her 2014 return. After reciting the history of the proceedings, including the multiple adjournments to provide the parties the opportunity to produce the financial disclosure documents required by statute, the Support Magistrate denied the mother’s request for yet another adjournment of the hearing and she proceeded to dismiss the mother’s application for child support.
This court observes that both parties through their retained counsel protracted this support proceeding by engaging in extensive pretrial discovery and related motion practice. Moreover, the mother failed on more than one occasion to comply with the Support Magistrate’s directives relating to disclosure, ignoring the Magistrate’s warnings on several occasions that the case was being marked “final” for a hearing.
Nevertheless, the result of this proceeding cannot be permitted. Disclosure in child support proceedings is governed primarily by Family Court Act § 424-a. Insofar as relevant, that section reads as follows:
*1061 “§ 424-a. Compulsory financial disclosure
“Except as provided herein: (a) in all support proceedings in family court, there shall be compulsory disclosure by both parties of their respective financial states ... No showing of special circumstances shall be required before such disclosure is ordered and such disclosure may not be waived by either party or by the court. A sworn statement of net worth shall be filed with the clerk of the court on a date to be fixed by the court, no later than ten days after the return date of the petition. . . . All such sworn statements of net worth shall be accompanied by a current and representative paycheck stub and the most recently filed state and federal income tax returns including a copy of the W-2(s) wage and tax statement(s) submitted with the returns. . . .
“(b) when a respondent fails, without good cause, to file a sworn statement of net worth, a current and representative paycheck stub and the most recently filed state and federal income tax returns, including a copy of the W-2(s) wage and tax statement submitted with the returns . . . the court on its own motion or on application shall grant the relief demanded in the petition or shall order that, for purposes of the support proceeding, the respondent shall be precluded from offering evidence as to respondent’s financial ability to pay support;
“(c) when a petitioner other than a social services official fails, without good cause[,] to file a sworn statement of net worth, a current and representative paycheck stub and the most recently filed state and federal income tax returns, as provided in subdivision (a) of this section, the court may on its own motion or upon application of any party adjourn such proceeding until such time as the petitioner files with the court such statements and tax returns” (emphasis added).[2]
*1062 Here the custodial parent, Ms. Q., failed to submit her most recently filed income tax returns and her W-2 wage and tax statements for 2014, notwithstanding the orders issued by the Support Magistrate, the previous adjournments granted to complete discovery, and the admonitions that the case was being marked final for a hearing.
Where the failure to comply with orders relating to disclosure in a civil action is purposeful or intended to frustrate the rights of an adversary, a court may impose stringent sanctions which can include striking the pleadings of the offending litigant or the preclusion of evidence (CPLR 3126; Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880 [2013]). Those punitive remedies are not available in a child support proceeding where the petitioner or custodial parent seeking support fails to comply with the statutory directive that there be compulsory financial disclosure by both parties. The only remedy afforded for the custodial parent’s failure to comply with the disclosure requirements of Family Court Act § 424-a is the adjournment of the proceeding until such time as that parent has complied with that section or with court orders which direct disclosure (Family Ct Act § 424-a [c]). Dismissal of the application for child support is not authorized by Family Court Act § 424-a (Matter of Malcolm v Trupiano, 94 AD3d 1380, 1381 [2012]).[3]
This result may seem anomalous when compared to the rules generally applicable to civil proceedings. However, the absence of a dismissal remedy for a custodial parent’s noncompliance with Family Court Act § 424-a appears reasonable given the underlying purpose of the child support statute, which is to ensure that children receive adequate support that is commensurate with the means of both parents (Matter of Cassano v Cassano, 85 NY2d 649, 653 [1995]; Matter of Graby v Graby, 87 NY2d 605, 609 [1996]).
Additionally, the absence of punitive sanctions for the failure of a custodial parent to comply with Family Court Act § 424-a is consistent with the principle that “a court should strive to *1063 avoid a sanction which will adversely affect the interest of an innocent party” (Matter of Landrigen v Landrigen, 173 AD2d 1011, 1012 [1991]; see also Matter of Stukes v Ryan, 289 AD2d 623, 624 [2001]; Matter of Williams v Williams, 35 AD3d 1098, 1100 [2006]; Matter of Morrissey v Morrissey, 124 AD3d 1367, 1367-1368 [2015], Iv denied 25 NY3d 902 [2015]). By precluding dismissal of the petition for a custodial parent’s failure to disclose, Family Court Act § 424-a (c) protects the interests of the child in receiving adequate support from both parents (see Family Ct Act § 413 [1] [a]).[4]
Here the dismissal of the mother’s application for child support resulted in the immediate termination of the temporary order of support for the benefit of the child, as well as the possible loss of retroactive child support which would be due upon entry of a final support order (Family Ct Act § 545 [l]).[5]
Accordingly, as the Support Magistrate’s dismissal of the custodial parent’s application for child support was erroneous, it is hereby ordered that the objections filed by the respondent, Amanda Q., are granted to the extent that the underlying petition is reinstated for further proceedings thereon.
As this court is informed that the mother filed a petition for child support against the father in the Family Court, Nassau County on November 18, 2015 (docket No. X-XXX/15, file No. XXXX), and that case is scheduled for a preliminary appearance before the Support Magistrate in Nassau County on January 7, 2016, it is further ordered that the petition filed in Queens County bearing docket No. X-XXXXX/13 is hereby transferred to the Family Court, Nassau County for further proceedings in conjunction with the child support proceedings already scheduled before that court (Family Ct Act § 174; Matter of Henry v Skratt, 11 AD3d 691, 692 [2004]; Matter of Arcuri v Osuna, 41 AD3d 841, 841-842 [2007]; Matter of Cruz v *1064 Cruz, 48 AD3d 804, 805 [2008], Iv denied 10 NY3d 712 [2008]; Matter of Winter v Karins, 96 AD3d 865, 866 [2012]).[6]

. Family Court Act § 545 (1) provides, in pertinent part, that
“[i]n a proceeding in which the court has made an order of filiation, the court shall direct the parent or parents possessed of sufficient means or able to earn such means to pay weekly or at other fixed periods a fair and reasonable sum according to their respective means ... for such child’s support and education” (emphasis added).

. Although “petitioner” and “respondent” are utilized in section 424-a, the terms clearly refer to the “custodial parent” and “noncustodial parent.” For example, in this proceeding the petitioner is the noncustodial parent as he filed the paternity petition, but the mother is the parent with custody of the child. This reading of Family Court Act § 424-a comports with the intent of the legislature (see Matter of Tompkins County Support Collection Unit v Chamberlin, 99 NY2d 328, 335 [2003]; People v Litto, 8 NY3d 692, 697 [2007]; Matter of Marcelina M.-G. v Israel S., 112 AD3d 100, 110 [2013]).

. In contrast, where the respondent (i.e. noncustodial parent) fails to comply with Family Court Act § 424-a, the statute authorizes sanctions such as resolving issues in favor of the petitioner and the preclusion of evidence (Matter of Skrandel v Haese, 2 AD3d 1188, 1190 [2003]; Matter of Rubley v Longworth, 35 AD3d 1129, 1131 [2006], Iv denied 8 NY3d 811 [2007]).

. Dismissal of petitions seeking child support are governed by Family Court Act § 441. That section authorizes dismissal only where “the allegations of a petition under this article are not established by competent proof” (see Matter of Nasser v Abraham, 105 AD2d 1096 [1984]; Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 441 at 139 [2008]).

. These factors prevent this court from finding that the claims raised by the mother’s objections have been rendered academic by her commencement of a child support proceeding in the county where she presently resides (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]).

. The mother may make application for issuance of an immediate temporary order of support when she appears on January 7, 2016 (Family Ct Act § 434). This decision and order should not be construed to prevent either party from moving to consolidate the reinstated and transferred petition with the newly filed petition in Nassau County (CPLR 602 [a]).