Devine, J.
(1) Appeal from an order of the Family Court of Tompkins County (Cassidy, J.), entered April 17, 2015, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent’s motion to dismiss the petition, and (2) motion to dismiss appeal.
Petitioner (hereinafter the mother) is a parent and respondent is a maternal aunt (hereinafter the aunt) of two children (born in 2010 and 2011). The mother, the aunt and others became embroiled in a battle for custody of the children, the end result of which was a November 2014 stipulated order in which Family Court awarded sole custody of the children to the aunt. Family Court granted the mother two hours of visitation every week to be supervised by the aunt or her designee, as well as additional “visitation as agreed upon between the parties” and access to “any and all documents prepared by the children’s educational and medical providers.”
*1236 In February 2015, the mother petitioned Family Court for modification of the prior order to appoint a neutral third party as a visitation supervisor, grant her three telephone calls a week with the children and permit her to seek regular updates on the children’s educational progress from their teachers. The aunt moved to dismiss the petition as failing to state a claim, arguing that it did not articulate any change in circumstances that would warrant revisiting the terms of the November 2014 order. Family Court granted the motion and dismissed the petition. The mother appeals and the aunt moves to dismiss the appeal as moot.
We do not agree with the aunt that the appeal is moot. Family Court of Monroe County issued a consent order during the pendency of the appeal that modified the November 2014 order to the extent of directing that supervised visitation occur at a child welfare organization. The mother acknowledges that this modification addresses her concerns regarding supervised visitation. The terms of the November 2014 order were otherwise left “in full force and effect” and, as a result, the mother’s concerns with regard to telephonic contact and the children’s educational records remain unresolved. Inasmuch as the appeal is not moot under these circumstances, the aunt’s motion to dismiss it is denied (see Matter of Poremba v Poremba, 93 AD3d 1115, 1116 [2012]; Hughes v Gallup-Hughes, 90 AD3d 1087, 1088 [2011]).
As for the merits of the appeal, “even according the mother every favorable inference, as we must, we find that Family Court did not err in dismissing the mother’s petition without a hearing” (Matter of Gerber v Gerber, 141 AD3d 901, 902 [2016] [citations omitted]; see Matter of Panzer v Wood, 100 AD3d 1119, 1120 [2012], lv dismissed 20 NY3d 1001 [2013]). The modification petition, which was filed only three months after the issuance of the November 2014 order, does not allege that any new developments had occurred. The petition, as well as the papers submitted by the mother in opposition to the motion to dismiss the petition, instead reflects her disappointment at the lack of telephone contact with the children and the purportedly poor quality of the educational records generated by their teachers. The November 2014 order does not require telephonic contact, however, nor does it specify how “meaningful” the available educational records must be. The mother’s dissatisfaction with the stipulated order, without more, does not demonstrate a change in circumstances that would, in turn, warrant a best interests analysis (see Matter of Scott LL. v Rachel MM., 98 AD3d 1197, 1198 [2012]; Matter of Gridley v *1237 Syrko, 50 AD3d 1560, 1561 [2008]). Thus, Family Court properly dismissed the modification petition.
Garry, J.P., Egan Jr., Clark and Aarons, JJ., concur.
Ordered that the motion to dismiss the appeal is denied, without costs. Ordered that the order is affirmed, without costs.