■ In the Matter of Pamela Brown-Winfield, Appellant, v Michael Bailey, Respondent. [61 NYS3d 352]—

Appeal by the petitioner from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated November 19, 2014. The order, without a hearing, dismissed the petition seeking modification of a custody order of the Family Court, Kings County, on the ground that the Family Court, Queens County, was not the proper forum.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings on the petition.

On November 19, 2014, the petitioner filed a petition in the Family Court, Queens County, to modify an existing custody order that was issued in the Family Court, Kings County. The Family Court dismissed the modification petition on the ground that the Family Court, Queens County, was not the proper forum.

Family Court Act § 171 provides, in relevant part, that "a lawful order of the family court in any county may be enforced or modified in that county or in the family court in any other county in which the party affected by the order resides or is found" (*cf.* CPLR 503 [a]). In connection with the filing of the instant petition, the petitioner indicated that she lived at a specific address in Queens County. Thus, contrary to the Family Court's determination, it was authorized to consider modification of the Kings County Family Court custody order (*see Matter of Winter v Karins*, 96 AD3d 865, 866 [2012]; *Matter of Garner v Forsythe*, 80 AD2d 712, 713 [1981]).

In light of our determination, we need not reach the petitioner's remaining contentions.

Accordingly, the order appealed from must be reversed, the petition reinstated, and the matter remitted to the Family Court, Queens County, for further proceedings on the petition.

Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.