Matter of Carter v Van Zile (2018 NY Slip Op 04043)





Matter of Carter v Van Zile


2018 NY Slip Op 04043


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

523371

[*1]In the Matter of CHRISTINE A. CARTER, Appellant,
v
DOUGLAS B. VAN ZILE, Respondent. (And Another Related Proceeding.)

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Michelle I. Rosien, Philmont, for appellant.
Pamela Bleiwas, Ithaca, attorney for the child.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Schuyler County (Morris, J.), entered June 15, 2015, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
In June 2015, petitioner (hereinafter the mother) and respondent (hereinafter the father) entered into a stipulation and order in which they agreed to joint legal custody and shared physical custody of their daughter (born in 2010). The following month, the mother filed a modification petition, which she subsequently amended, seeking primary physical custody of the child. The father, in turn, cross-petitioned for the same relief. After a fact-finding hearing and a Lincoln hearing,
Family Court dismissed the petitions on the ground that neither party had demonstrated the requisite change in circumstances since entry of the stipulation and order. The mother now appeals, and we affirm.
Initially, contrary to the mother's contention, Family Court did not err in denying her request for a change in venue to the Chemung County Family Court. Pursuant to Family Ct Act
§ 171, "a lawful order of the family court in any county may be enforced or modified in that county or in the family court in any other county in which the party affected by the order resides or is found." Additionally, Family Ct Act § 174 provides that Family Court "may for good cause transfer a proceeding to a family court in any other county where the proceeding might have been [*2]originated and shall transfer a proceeding laying venue in the wrong county to a family court in any county where the proceeding might have been originated." Here, the parties sought to modify a lawful order of the Schuyler County Family Court and, thus, the mother's original choice of venue was proper (see Family Ct Act § 171). Accordingly, the determination of whether to grant or deny the mother's application for a change in venue fell squarely within Family Court's discretion (see Family Ct Act § 174; Matter of Young v Morse, 92 AD2d 706, 706 [1983]), and we discern no abuse of that discretion here, particularly since the mother failed to establish good cause for the transfer and, as the court noted, a change in venue would have likely resulted in the assignment of a new attorney for the child (see Matter of Shaffer v Winslow, 17 AD3d 766, 767 [2005]; compare Matter of Winter v Karins, 96 AD3d 865, 866 [2012]).
We further agree with Family Court that the mother did not satisfy her burden of demonstrating that there had been a change in circumstances since entry of the June 2015 stipulation and order to warrant the undertaking of a best interests analysis (see Matter of Crystal F. v Ian G., 145 AD3d 1379, 1380 [2016]; Matter of Menhennett v Bixby, 132 AD3d 1177, 1179 [2015]). The mother failed to establish that, in the short time that had passed since entry of the stipulation and order, there had been any significant developments in the parties' relationship or their respective situations. Although the mother alleged that her living situation had changed, the proof adduced at the fact-finding hearing demonstrated that the mother had moved prior to the entry of the June 2015 stipulation and order. The mother's remaining allegations were either not borne out by the record or insufficient to establish the requisite change in circumstances. As such, Family Court properly dismissed the mother's amended petition (see Matter of Elizabeth NN. v Hannah MM., 148 AD3d 1235, 1236-1237 [2017]; Matter of Gilbert v Gilbert, 128 AD3d 1286, 1287 [2015]; Matter of Scott LL. v Rachel MM., 98 AD3d 1197, 1198 [2012]).
Garry, P.J., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.