Matter of VanDunk v Bonilla (2022 NY Slip Op 04554)

Matter of VanDunk v Bonilla

2022 NY Slip Op 04554

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-04240
 (Docket No. O-804-20)

[*1]In the Matter of Latricha VanDunk, appellant,
v
Richard Bonilla, respondent.

Salvatore C. Adamo, New York, NY, for appellant.
Gary E. Eisenberg, New City, NY, for respondent.
Legal Aid Society of Rockland County, New City, NY (Jacqueline Sands of counsel), attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the mother appeals from an order of the Family Court, Rockland County (Dean Richardson-Mendelson, Ct. Atty. Ref.), dated February 11, 2021. The order dismissed the mother's family offense petition without prejudice.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the mother's family offense petition is reinstated, and the matter is remitted to the Family Court, Rockland County, for further proceedings in accordance herewith.
The parties have two children together. In a prior custody proceeding, the Family Court, Rockland County, awarded joint legal custody of the children to the parties and sole physical custody of the children to the father. In May 2020, the mother commenced this family offense proceeding pursuant to Family Court Act article 8 in the Family Court, Rockland County, seeking an order of protection against the father for herself and the children. At a court appearance on February 11, 2021, the court determined, in effect, that the mother had commenced this proceeding in an improper venue. In an order dated February 11, 2021, the court dismissed the mother's family offense petition without prejudice. The mother appeals.
The Family Court erred in dismissing the petition. A family offense proceeding pursuant to Family Court Act article 8 "may be originated in the county in which the act or acts referred to in the petition allegedly occurred or in which the family or household resides or in which any party resides" (id. § 818 [emphasis added]). Here, since the mother resides in Rockland County, the mother commenced this proceeding in a proper venue.
Moreover, we note that even if the mother had commenced this proceeding in an improper venue, that would not have been a basis for dismissing the petition. The Family Court Act does not provide for dismissal of a proceeding on the ground of improper or inconvenient venue (see Matter of Cruz v Cruz, 48 AD3d 804, 805; Matter of Henry v Skratt, 11 AD3d 691, 691-692). "The proper remedy when the venue of a proceeding is placed in an improper or inconvenient county is to transfer the proceeding to the proper or more convenient county pursuant to Family Court Act § [*2]174" (Matter of Cruz v Cruz, 48 AD3d at 805).
Accordingly, we reinstate the mother's family offense petition and remit the matter to the Family Court, Rockland County, for further proceedings on the petition.
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court